HACKENSACK WATER COMPANY, PROSECUTOR, v. STATE BOARD OF TAX APPEALS AND TOWNSHIP OF NORTH BERGEN IN THE COUNTY OF HUDSON, A MUNICIPAL CORPORATION, RESPONDENTS.

TOWNSHIP OF NORTH BERGEN IN THE COUNTY OF HUDSON, A MUNICIPAL CORPORATION, PROSECUTOR, v. STATE BOARD OF TAX APPEALS AND THE HACKENSACK WATER COMPANY, RESPONDENTS.

Submitted October 6, 1942—Decided February 18, 1943.

Before Justices CASE, DONGES and COLIE.

For Hackensack Water Company, *Milton, McNulty & Augelli (Joseph Keane,* of counsel).

For Township of North Bergen in the County of Hudson, *Nicholas S. Schloeder.*

The opinion of the court was delivered by

COLIE, J. *Certiorari* was granted Hackensack Water Company to review a judgment of the State Board of Tax Appeals fixing the amount of its assessment on personal property within the Township of North Bergen for the year 1940 at

$1,300,000. The Township of North Bergen applied for and was allowed a writ to review the same assessment. The Water Company asserts that the assessment of $1,300,000 is above the true value of its property, subject to taxation in that municipality. On the other hand, the Township feels that the State Board erred in not sustaining an assessment of $1,500,000 made by the local assessor. By stipulation it was agreed that, but one return to both writs be used, since the same questions are involved and the determination of the questions are based upon the same record.

Hackensack Water Company has been in existence for more than 60 years. Its business is furnishing water to certain municipalities in Hudson County, among which is the Township of North Bergen. Its tax assessments by the Township for the years 1929 through 1940 are tabulated below:

| Year | Amount |
|------|--------|
| 1929 | $970,800 |
| 1930 | 1,000,000 |
| 1931 | 1,000,000 |
| 1932 | 1,050,000 |
| 1933 | 1,050,000 |
| 1934 | 1,050,000 |
| 1935 | 1,050,000 |
| 1936 | 1,050,000 |
| 1937 | 1,050,000 |
| 1938 | 1,500,000 |
| 1939 | 1,500,000 |
| 1940 | 1,500,000 |

The Township in 1938 and 1939 sought to raise the assessment from $1,050,000 to $1,500,000 but these assessments were reduced to $1,050,000 by the State Board of Tax Appeals. See *Hackensack Water Co.* v. *North Bergen Township,* 18 *N. J. Mis. R.* 627. Thus it will be seen that from 1932 through 1939 the company was taxed on a valuation of $1,050,000. Despite the reduction in the 1938 and 1939 taxes amounting to $450,000, the local authorities saw fit to fix the assessment for 1940, the year under review, at $1,500,000.

In a proceeding of this nature, the duty of the Supreme

Court is to review the evidence and render such decision as it deems proper in light of that evidence, but it is also settled that this court will not disturb the judgment of the State Board of Tax Appeals unless the evidence is persuasive that the board erred.

The principal witness for the Water Company was Emile J. Fricker, a vice-president of the Hackensack Water Company, who had been in the business about 34 years, during which he had been associated with several outstanding and well-known figures in the same field and had supervised the construction of additions to the system of the Hackensack Water Company and was thoroughly familiar with the physical plan in its many ramifications. In addition to that knowledge, he was thoroughly familiar with the prices paid for the piping and other materials used by the company. He testified that in his opinion, the value of the Water Company on October 1st, 1939, the assessing date, was $930,000; that in arriving at that figure he took into consideration reproduction costs, original or book cost, the fact that the property was part of a general system and a going concern and that in his opinion that would be a fair price between a willing buyer and a willing seller on that date. He also testified that there had been no substantial change in the condition, quantity, nature or location of the property from October 1st, 1937, to October 1st, 1939. His testimony as to the true value of the property did not include the pumping station, further reference to which will be made hereafter. As to Mr. Fricker's qualifications, the State Board of Tax Appeals in the proceedings before it with reference to the personal property assessments for 1938 and 1939 characterized the witness' qualifications as "outstanding." We agree with this characterization.

On behalf of the Township, its main reliance was upon the testimony of Alger D. Couch who describes himself as a consulting engineer doing water works and utility problems. From 1928 to 1934 he was chief mechanical and electrical engineer for a water service company and in charge of its equipment, and from 1934 to 1940 was a consulting engineer specializing in the designing of power plants, including

design of pumping plant, distribution and transmission systems and their construction and operation. He was also during part of this time engaged in buying and selling utilities. He was engaged by the Township of North Bergen and spent several days going over the system, examining their maps and records, and as a result, he gave it as his opinion that the property would sell for between $2,000,000 and $2,500,000. He included in that figure the pumping plant, and added an unstated amount because the Hackensack Water Company was "a good company, earns good money and is well managed." He also testified that in arriving at the value of $2,000,000 to $2,500,000 he took the total value of the company which he thought was about $37,000,000 and upon finding that 13% of the meters were situated in North Bergen, he thereupon took 13% of the $37,000,000 which after depreciation, &c., gave him approximately the figure that he quoted. The only sale of a water company that this witness testified to was made in 1930.

The witness, Fricker, fixed the reproduction cost at $973,805.49, the original cost at $841,911.32. In arriving at the reproduction cost above stated, Mr. Fricker did not include the cost of repaving the streets in which the pipes of the company were laid. The only evidence in the case as to this item is contained in *Exhibit R*-1 prepared by Mr. Couch and it shows the cost of repaving as $243,182. However, we are wholly at a loss to know how any evidentiary value can be given to this figure in view of Mr. Couch's testimony that he never contracted for the laying of paving in North Bergen, and so far as the record discloses, there is nothing whatsoever to substantiate the figure for repavement which is embodied in *Exhibit R*-1 and so far as the evidence discloses, might as well have been picked out of thin air. Since we do not find any evidence upon which the cost of repavement could be included in the reproduction cost, it becomes unnecessary to pass upon the question of whether it should be used in arriving at "reproduction cost."

There exists a presumption in favor of the assessment made by local assessors for the purpose of taxation but that presumption may be overcome by evidence rebutting the figures

of the local assessor. Also the presumption may be weakened by the reasons that the local assessor had for fixing the amount of the assessment, and such a reason is to be found in this case. The Township called as its witness Adolph Bentz, tax assessor for the Township of North Bergen and he was asked the following question: "*Q.* Tell us about the events leading up to the rise; all of the facts that you think were material in making this half million dollars increase? *A.* The general conditions of the values for personal and real estate being abnormal, and the endeavor of the town to refinance its bonded indebtedness, made it necessary for us to make a series of surveys, and by the end of 1937, these surveys had sufficiently progressed to disclose to my satisfaction that the personal property of the Hackensack Water Company located in the Township of North Bergen was under assessed." It is a little difficult to see how "the endeavor of the town to refinance its bonded indebtedness" could have any bearing on the value of the personal property of this or any other taxpayer, and in light of the difficulty that we have on that score, we think it permissible to draw the inference that the $500,000 jump in the assessment was the result of the desire of the Township to increase its ratables in furtherance of its refinancing endeavors.

We are in agreement with the State Board that the exclusion of the pumps in the pumping station by Mr. Fricker was correct. *Rinbrand Well Drilling Co.* v. *L & H Theatres*, 126 *N. J. L.* 446; *affirmed*, 127 *Id.* 604.

The tax history in this case, the absence of testimony to justify an increase, coupled with the quality of the testimony of Mr. Fricker, is persuasive, in our opinion, that the State Board of Tax Appeals erred in fixing the true value of the property on the assessing date at $1,300,000. We find that a valuation of $940,000 is the true value of the property in question. To the extent, therefore, of $940,000 the assessment is affirmed, and as to the excess over and above that amount is reversed. Costs in both proceedings are allowed to the prosecutor, Hackensack Water Company.