HACKENSACK WATER COMPANY, RESPONDENT, v. TOWNSHIP OF NORTH BERGEN, APPELLANT.

TOWNSHIP OF NORTH BERGEN, APPELLANT, v. HACKENSACK WATER COMPANY, RESPONDENT.

Argued May 20, 1943—Decided September 16, 1943.

For the appellant township, *Nicholas S. Schloeder*.

For the respondent company, *Milton, McNulty & Augelli* (*Joseph Keane,* of counsel).

The opinion of the court was delivered by

PARKER, J. The dispute is over the valuation for taxation, as of October 1st, 1939, of the personal property of the Hackensack Water Company situate within the limits of the Township of North Bergen. The questions considered by the State Board, and by the Supreme Court on *certiorari,* were mainly factual, and counsel for the township properly concedes that the finding of the Supreme Court on the facts is impregnable here if there is any legal evidence to support it. As appears in the Supreme Court opinion, *ubi supra,* from 1932 to 1937, inclusive, the total was carried at $1,050,000: in 1938 and 1939 the valuation was raised by the township authorities to $1,500,000 but the State Board reduced these to the previous figure. Nevertheless, for 1940 the valuation was again raised to a million and a half. The Water Company appealed to the State Board, which reduced the valuation to $1,300,000. Neither party was satisfied with this, and there were cross writs of *certiorari* awarded by the Supreme Court, and argued together. That court adjudged a valuation of $940,000, and the municipality is here as appellant, and properly claims that all the reasons for reversal in the Supreme Court are arguable here. However, the argument here is based not on specific reasons assigned in the Supreme Court, but on five propositions, three of which allege that there was no evidence to support certain findings of the Supreme Court, a fourth claiming error in failing to

include certain property in the assessment, and a fifth, error in refusing to pass on the question whether a certain estimated future expense was properly included as part of the valuation.

It should be borne in mind that the valuation for taxation under review was exclusively a valuation of "personal property" and not of realty. Taking up the fourth proposition, the complaint is that the pumping station of the company's local plant should have been included in the valuation of personalty. No such claim seems to have been made before the State Board, judging from the opinion filed by its president. The claim that is mentioned therein is that the pumps therein were personalty, but the Board held, and properly on the evidence, that they were affixed to the realty. As an alternative it is now claimed that the value of the pumps should have been included in the valuation of the realty; but it suffices to say that the value of the realty is not an issue in this cause.

We turn to the point mentioned above as the fifth which relates to the value of the pipes laid underground, in the highways, and classed as part of the personalty. In connection with "reproduction cost" the claim for the township was that the cost of taking up and relaying the pavement should be included. The Supreme Court held that there was no evidence "upon which the cost of repavement could be included in the reproduction cost" and hence it was unnecessary to pass on that question. For the appellant it is claimed that there was such evidence: but however this may be, we think the decision rests on a broader basis. The pipes are buried in the ground. Over them, apparently, is a pavement of some kind. There is nothing to show that when the pipes were laid, there was any pavement. To the contrary, the witness Fricker testified that at that time "there was no pavement in existence." So the theory of the appellant, as we understand it, is that at some indefinite time in the future it will be necessary to renew a worn out pipe; that this will require a tearing up and relaying of the pavement; and that the cost of so doing should be added at this time to the value of the pipe *in situ*. But to this we cannot agree. For

present purposes it may be assumed, without deciding, that if, as and when a section of pipe is to be changed, the pavement torn up and relaid, the value of that new section may be represented for tax purposes by the cost of the pipe and laying plus the cost of removing and relaying the pavement. But this is far from saying that all the pipe presently in the ground is to be valued for taxation as though the pavement had already been torn up and relaid over it. The opinion of the Board president cites as authority a Wisconsin case, and a case in the Federal District Court, reversed on another point, and hence mere *dictum* as to the question before us. These authorities are not persuasive. The Supreme Court (at page 538), passed the point as without support in the evidence; but we prefer to deal with it on the intrinsic lack of merit.

The other three points made and argued on the brief, all challenge certain conclusions of fact contained in the opinion of the Supreme Court, as wholly unsupported by evidence. We consider that there was such evidence. In particular, as to the claim that "there is no evidence to support the judgment of the Supreme Court, overruling the finding of the State Board that Mr. Fricker, in testifying to the value of $930,000, did not include the value of this property as a successful going concern," the answer is that Fricker testified that he did include it, the Board rejected that testimony, and the Supreme Court accepted it, and the inference of the Supreme Court that the matter of refinancing had somewhat to do with the increased valuation, was a fair inference from the testimony.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, HEHER, PERSKIE, PORTER, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 12.

*For reversal*—None.