8 N.J. Super. 139 (1950)
73 A.2d 597
HACKENSACK WATER COMPANY, PETITIONER-APPELLANT,
v.
TOWNSHIP OF NORTH BERGEN IN THE COUNTY OF HUDSON, AND ANOTHER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 15, 1950.
Decided May 31, 1950.
*140 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Joseph Keane argued the cause for the appellant (Mr. Samuel William Zerman, of counsel) (Messrs. Milton, McNulty & Augelli, attorneys).
Mr. Nicholas S. Schloeder argued the cause for the respondent Township of North Bergen.
*141 The opinion of the court was delivered by BIGELOW, J.A.D.
This is an appeal from a judgment of the Division of Tax Appeals assessing at $1,225,000 appellant's personal property in the Township of North Bergen for the year 1947. Only two questions are argued, namely, whether the Division should have permitted the appellant to amend its petition of appeal and whether the evidence justified the valuation of $1,225,000.
The petition of appeal to the Division of Tax Appeals was filed December 9, 1947, and alleges that the appellant Water Company was aggrieved because the assessment was in excess of true value, and it prayed that the assessment be reduced to the true value of the property. In due course, the Division referred the matter to a panel composed of three of its members, to take the proofs. On June 20, 1949, counsel for the appellant moved the panel for leave to amend the petition of appeal so as to add a charge of discrimination against appellant in that other personal property in the Township was either not assessed at all, or was assessed at only about 20 per cent of its value; and to pray that the assessment against appellant's property be reduced to 20 per cent of true value. Leave was denied.
The appellant relies on Hillsborough Township v. Cromwell, 326 U.S. 620, 66 S.Ct. 445 (1946), where the United States Supreme Court held that the Fourteenth Amendment is not satisfied by a rule which permits the taxpayer who is discriminated against, to proceed against other individuals for the purpose of having their taxes increased; that his right to equal treatment requires that his assessment be reduced to the same percentage of true value that is imposed on others. See also Sioux City Bridge Co. v. Dakota County, 260 U.S. 441, 43 S.Ct. 190 (1923). In Jersey City v. Division of Tax Appeals, 5 N.J. Super. 375 (App. Div. 1949), we said that a taxpayer may raise the question of discrimination and have relief before the County Tax Board or the Division of Tax Appeals.
*142 It may be doubted whether the panel of three members of the Division to whom was addressed the motion, had authority to give leave to amend. The statute under which they were acting only permits the reference to them of "the duty of taking testimony in a matter pending before it (the Division) and to report on such matter and the testimony so taken to the Division, but no determination shall be made therein except by the Division." P.L. 1946, c. 161, § 4; R.S. 54:2-18. If the panel were without authority, the application to them and their denial of the motion constitute no ground for complaint. But we pass this question by.
P.L. 1946, c. 161, § 11; R.S. 54:2-40.2, allows petitions of appeal to the Division of Tax Appeals, to be amended at any time at or before the hearing of the appeal, without notice, and as a matter of course. While the language employed by the Legislature is most comprehensive, the amendments that may properly be made are not unrestricted. It is a principle of wide application that an amendment setting up a new cause of action should not be permitted after the time has expired for bringing the suit or other proceeding. Russo v. Wright Aeronautical Corp., 1 N.J. 417 (1949). In the present matter, the judgment of the county board was rendered November 13, 1947, and time to appeal to the Tax Division expired one month thereafter. P.L. 1946, c. 161, § 8; R.S. 54:2-39. The motion for leave to amend was not made until long afterward, June 20, 1949. The original petition of appeal and the proposed amendment alleged very different wrongs; the first, that appellant's property was assessed at too high a figure; the second, that other people's property were assessed too little. By the original petition of appeal, appellant prayed to have its assessment reduced to true value, while by the amendment, it sought to have its assessment lowered to a small fraction of true value. In our opinion, the amendment stated a new cause of action that should have been pleaded within the time allowed for an appeal.
We should note further that the taxpayer did not allege before the county tax board that it was discriminated *143 against. The county board never considered the subject and never refused relief based on discrimination. An appellate tribunal ordinarily will not permit an appellant to use as a ground for reversal, a state of case that was not presented to the lower court. State v. Jones, 4 N.J. Super. 599, 72 A.2d 872 (1950). We realize that the Division of Tax Appeals, on appeal from the county board, hears the matter de novo and is not restricted to a consideration of matters urged below, but the Division may properly decline to allow an amendment, the purpose of which is to make a case entirely different from that adjudged by the county board.
The evidence of value was presented by two witnesses, Mr. Fricker, the operating vice-president of the Water Company, and, for the Township, Mr. Carpenter, a member of a firm of engineers specializing in the construction of water works. Fricker had a more intimate knowledge of the property in question than the other valuation expert, but his interest in the assessment was obvious. Each gave his opinion of the true value of the property, as of October 1, 1946, the figure which a willing buyer and a willing seller would reach: Fricker, $900,000, and Carpenter, $1,500,000. Each estimated what it would have cost in October, 1946, to reproduce the property: Fricker, $2,204,391, and Carpenter, a much larger sum. Let us assume that Fricker was nearer the bull's eye. Each estimated depreciation: Fricker at 49 per cent, and Carpenter, an average of 40.3 per cent. The former did not explain how he arrived at the depreciation except that he based it on his own experience with the property, while Carpenter figured on the age of the several components of the plant as shown by the Company's records and applied yearly depreciation rates that are not criticised. Let us consider depreciation to have been 40.3 per cent and so reach reproduction cost depreciated of $1,316,022.
Actual cost shown by the books was $1,473,383; deducting depreciation at 40.3 per cent, leaves depreciated book cost of $879,610. The appellant informs us that the Public Utility Commission for the past few years has used *144 depreciated cost as the rate base, ignoring other criteria, and has fixed the return as low as 5 1/2 per cent. Therefore, it argues, the Tax Division should have based value on actual cost and given no weight to reproduction cost. Of course, in the long run value depends on income, actual and anticipated, and value is reflected in the market price of securities. If the Public Utility Commission fixes the Water Company's rate schedule so low that the net income properly attributable to the personalty in North Bergen does not reach 5 1/2 per cent of depreciated book cost, the true value of the property will inevitably decline. But such a situation is not shown to exist.
The assessment made by the Tax Division, $1,225,000, is amply supported by the evidence presented.
The judgment will be affirmed.