**HACKENSACK WATER CO. v. NORTH BERGEN TP. et al.**

Civ. No. 692–49.

United States District Court
D. New Jersey.

March 12, 1952.

Milton, McNulty & Augelli and Joseph Keane, Jersey City, N. J., Samuel Zerman, Weehawken, N. J., of counsel, for plaintiff.

Nicholas S. Schloeder, Union City, N. J., for defendants.

FORMAN, Chief Judge.

 Defendants have moved for the entry of judgment on the pleadings in this suit upon the grounds principally that the court is without jurisdiction of the subject matter and that the complaint fails to state a claim upon which relief may be granted. Some matters outside the pleadings have been presented to the court and will be considered since they are undisputed. The motion will be treated as a motion for summary judgment, Fed.Rules Civ.Proc. rule 12(c), 28 U.S.C.A.,[1] and for its purposes the allegations of the complaint must be accepted as true.

The complaint in this action was filed on August 31, 1949. Jurisdiction of this court is asserted to arise under section 1 of the Fourteenth Amendment to the Constitution of the United States[2] in that in violation thereof, the plaintiff, a public utility, has been intentionally discriminated against in the assessment of its personal property located in the Township of North Bergen, New Jersey. Plaintiff alleges that from the years 1940 to 1948 its property was assessed by defendants on the basis of the true value of the property although the defendants failed to make assessments on the personal property of a great majority of other property owners and in such cases where assessments were made, they were only 20-percent or less of true value. Thus, it contends that there is being imposed upon plaintiff a crushing and discriminatory burden of taxation and that by reason of the laws and decisions of the courts of the State of New Jersey, plaintiff is without an adequate remedy in the courts of said state. For its relief, plaintiff demands a reduction of its assessment for the years 1940 to 1948 to the level of other property owners in the Township, and that the defendants be required to pay to plaintiff the amount of overcharge by reason of said assessment.

In 1940 the defendants assessed the personal property of the plaintiff, located within the Township of North Bergen, on the basis of true value at $1,500,000. This assessment was appealed pursuant to statute, N.J.S.A. 54:2–35, and following review by the then New Jersey State Board of Tax Appeals, the New Jersey Supreme Court, 129 N.J.L. 535, 30 A.2d 400, and the New Jersey Court of Errors and Appeals, 130 N.J.L. 483, 33 A.2d 821, the assessment was reduced to $940,000. Plaintiff paid to the Township the full tax of $55,807.88 for the year 1940, based upon an assessment of $940,000. For the years 1941, 1942 and 1943 following litigation in the State tax tribunals, the property was again assessed at $940,000 and the plaintiff similarly paid, in full, to the Township the tax due thereon.

1. "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

2. "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The question of discrimination was not raised for any of these years in the tax tribunals or State courts.

The assessments for the years 1944, 1945 and 1946 were likewise appealed, and final decision thereon was rendered by the new Supreme Court of New Jersey on April 25, 1949, 2 N.J. 157, 65 A.2d 828, which fixed the valuation at $1,225,000 for 1944 and 1946 and at $940,000 for 1945. For each of these years the plaintiff paid to the Township a tax based upon an assessment of $940,000 so that there remained due a balance of $17,205.45 for 1944 and $19,282.00 for 1946. Again, the question of discrimination was not raised for any of these years in the tax tribunals or State courts.

Litigation in the State courts on the 1947 assessment was concluded in May, 1950 when the Appellate Division of the Superior Court in Hackensack Water Company v. Township of North Bergen, 8 N.J.Super. 139, 73 A.2d 597, affirmed a valuation of $1,225,000. The plaintiff still owes a balance of taxes due of $18,356.85, having paid on a basis of a $940,000 assessment. The plaintiff first attempted to raise the question of discrimination in these proceedings on June 20, 1949 when it sought to amend its petition of appeal before the Division of Tax Appeals to include this ground, although the appeal had been filed on December 9, 1947. The Appellate Division of the Superior Court, however, sustained the refusal of the Division of Tax Appeals to permit such an amendment since it set forth a new cause of action not pleaded within the time allowed for an appeal, and, because the Division of Tax Appeals could properly refuse to consider matters not alleged before the County Tax Board.

The appeal from the 1948 assessment, presently at $1,225,000, is still pending before the Division of Tax Appeals. The plaintiff has raised the question of discrimination in its petition of appeal.

The plaintiff contends that this action is properly cognizable in the federal court because "constitutional rights are always available to litigants" and that the State courts are powerless to grant relief for discrimination because of the New Jersey statutes and cases, citing R.S. 54:3-13, N.J.S.A.;[3] R.S. 54:4-1, N.J.S.A.;[4] Royal Mfg. Co. v. Board of Equalization, 76 N.J.L. 402, 70 A. 978, which require true value as the basis of assessments, thus precluding a taxpayer claiming discrimination from obtaining relief by having his assessment reduced. It further asserts that under Hillsborough Township v. Cromwell, 326 U.S. 620, 66 S. Ct. 445, 90 L.Ed. 358, the unavailability of this method of relieving discrimination is violative of the Federal Constitution, and entitles the plaintiff to seek his relief in the federal courts.

It is my view, however, that this court has no jurisdiction over the instant suit for the following reasons: The plaintiff taxpayer is in the position of seeking to recover a portion of tax monies voluntarily paid by it annually and long since distributed to various governmental units, after years of litigation in the State courts upon grounds never before urged in such prior litigation. We are informed of no authorities sustaining a recovery under such circumstances. Plaintiff, itself, admits that as to the years 1940 to 1943 it has probably waived its rights. But even as to the subsequent years in question there is no justification for the time lapse in bringing suit. The ascertainment of true value in the state courts was not a condition precedent to the institution of a suit in the federal courts based on discrimination, even assuming that the issue of discrimination could not have been raised in the state courts. The case of Hillsborough Township v. Cromwell, supra, is readily distinguishable from the instant suit. There, an action was brought for a declaratory judgment declaring null and

3. "Each county board of taxation shall secure the taxation of all property in the county at its true value, in order that all property, except such as shall be exempt by law, shall bear its full, equal and just share of taxes."

4. "All property, real and personal, within the jurisdiction of this state not ex-

pressly exempted from taxation or expressly excluded from the operation of this chapter shall be subject to taxation annually under this chapter at its true value, and shall be valued by the assessors of the respective taxing districts. * * *"

void certain assessments on intangible personal property entered by the Collector of Hillsborough Township, Somerset County, New Jersey. The jurisdiction of this court was invoked upon the ground that the taxing authorities had consistently, systematically and intentionally singled out the taxpayer for discriminatory treatment in the assessment of taxes for which she was without remedy under the laws and decisions of New Jersey. It was held that the District Court was justified in retaining jurisdiction of the cause since there was so much uncertainty surrounding the adequacy of the state remedy to protect the taxpayer's federal right even though it ultimately proceeded to decide the case on the merits by recourse to local law grounds without reaching the constitutional issues. But, in that case, the taxpayer acted promptly to raise the constitutional question. The resolutions of the County Board attempting to make assessments were entered June 26, 1941 and suit was commenced in the District Court in July 1941. If the plaintiff in this case felt that it could not obtain the desired relief in the state courts then it should have instituted its suit here immediately. The order denying the motion to dismiss in the Hillsborough case was made in this court in August 1942, so that the plaintiff need have had no doubt as to whether this court would have then entertained such a suit. Instead, it pursued its appeals from the assessments in the state courts but it never even attempted to raise the question of discrimination until June 1949 when it unsuccessfully attempted to amend its petition of appeal regarding the 1947 assessment.

Furthermore, I am not persuaded by plaintiff's assertion that a taxpayer claiming discrimination cannot obtain relief in the courts of New Jersey by having his assessments reduced because of the statutes fixing true value as the basis of assessment, and that, in effect, this federal right

enunciated in Sioux City Bridge Co. v. Dakota County, 260 U.S. 441, 43 S.Ct. 190, 67 L.Ed. 340, and reiterated in the Hillsborough case, will not be recognized in New Jersey and that New Jersey provides no mechanism by which a taxpayer may obtain equalization by reduction of his own assessment. Admittedly, the United States Supreme Court was constrained in the Hillsborough case by the holding in 1909 in Royal Mfg. Co. v. Board of Equalization, supra, which was followed in an opinion rendered for the former Supreme Court of New Jersey, Lehigh Valley R. Co. v. State Board, 174 A. 359, 12 N.J.Misc. 673, to state that there was such uncertainty concerning the New Jersey remedy as to make it speculative whether the State affords full protection to the federal rights. However, on three separate occasions since the earlier state decisions Judge Bigelow, speaking for the Appellate Division of the Superior Court, has indicated that New Jersey recognizes the federal rule and that the state statutes requiring true value are not barriers to a reduction of an assessment.

In Jersey City v. Division of Tax Appeals, 1949, 5 N.J.Super. 375, 384, 69 A.2d 331, 336, he stated: "[I]t may be that the average assessment in Jersey City is only a fraction of true value; that the undervaluation is intentional and systematic, and that to raise to true value the assessments on the respondents' lands would constitute an unconstitutional discrimination against respondents. Sioux City Bridge Co. v. Dakota County, 260 U.S. 441, 43 S.Ct. 190, 67 L.Ed. 340 (1923); Hillsborough Township, Somerset County, N. J. v. Cromwell, 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358 (1946). *If so, respondents will have the opportunity to prove the fact before one or other of the tax boards.* Central R. R. Co. of New Jersey v. State Tax Dept. (Thayer-Martin),[5] 112 N.J.L. 5, 169 A. 489 (E. & A. 1933)." (Italics added.)

5. Justice Douglas in the Hillsborough case, 326 U.S. at pages 624–625, 66 S. Ct. 445, 90 L.Ed. 358, had noted that the Thayer-Martin case might be construed to have adopted a rule contrary to the Royal case, although he had asserted that such a construction was made difficult by the fact that the judge who wrote the opinion in that case, also wrote the opinion in Lehigh Valley R. Co. v. State Board, 174 A. 359, 12 N.J. Misc. 673, a year later.

In Hackensack Water Co. v. Township of North Bergen, supra,[6] although the court sustained the refusal by the Division of Tax Appeals to permit an amendment to the petition of appeal to include the ground of discrimination, Judge Bigelow made this pointed comment: "The appellant relies on Hillsborough Township v. Cromwell, 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358 (1946), where the United States Supreme Court held that the Fourteenth Amendment is not satisfied by a rule which permits the taxpayer who is discriminated against, to proceed against other individuals for the purpose of having their taxes increased; that his right to equal treatment requires that his assessment be reduced to the same percentage of true value that is imposed on others. See also Sioux City Bridge Co. v. Dakota County, 260 U.S. 441, 43 S.Ct. 190, 67 L.Ed. 340 (1923). In Jersey City v. Division of Tax Appeals, 5 N.J.Super. 375, 69 A.2d 331 (App.Div.1949), we said that *a taxpayer may raise the question of discrimination and have relief before the County tax board or the Division of Tax Appeals.*" (8 N.J.Super. at page 141, 73 A.2d at page 598, Italics added.)

Finally, in Delaware, Lackawanna & Western Railroad Co. v. City of Hoboken, 1951, 16 N.J.Super. 543, 544–555, 85 A.2d 200, 205, he made this most apposite comment: "A discrimination between taxpayers, so that one is assessed upon the full value of his property and others are assessed upon only a fraction of full value, violates the Fourteenth Amendment to the Federal Constitution. * * * *It was formerly considered that the only remedy of the taxpayer who was the victim of the discrimination was a proceeding to increase the assessments of other taxpayers, but now we recognize that such a remedy is not enough and that he may rightfully demand that his own assessment be reduced to the common level. The constitutional mandate to assess at full value must yield to the even more fundamental requirement of relative equality.* Greene v. Louisville & I. R. Co., 244 U.S. 499, 37 S.Ct. 673, 61 L.Ed. 1280 (1917); Sioux City Bridge Co. v. Dakota County, 260 U.S. 441, 43 S.Ct. 190, 67 L.Ed. 340 (1923); Hillsborough Township v. Cromwell, 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358 (1946)." (Italics added.)

Plaintiff has sought to dilute the effect of these decisions by arguing that they are mere dicta of a court, not the highest in New Jersey, and that they give mere "lip service" to the federal decisions since no court has actually given any relief against discrimination. I am not impressed with this argument for I am persuaded that the law of New Jersey is as stated by Judge Bigelow.

■ Where there is available an efficient remedy in the state tax agencies and courts whereby a taxpayer can contest the imposition of a discriminatory tax, this court is without jurisdiction to entertain a suit of this type, however, it may be denominated. Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407. The considerations of policy which require that the validity of state taxation be immunized from assault in the federal courts under such circumstances were discussed by Chief Justice Stone in the Great Lakes Co. v. Huffman, supra, and are of equal application here. In Matthews v. Rodgers, 284 U.S. 521, 525–526, 52 S.Ct. 217, 219–220, 76 L.Ed. 447, the Supreme Court said: "The scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts, and a proper reluctance to interfere by injunction with their fiscal operations, require that such relief should be denied in every case where the asserted federal right may be preserved without it. Whenever the question has been presented, this Court has uniformly held that the mere illegality or unconstitutionality of a state or municipal tax is not in itself a ground for equitable relief in the courts of the United States. If the remedy at law is plain, adequate, and complete, the aggrieved party is left to that remedy in the state courts, from which the cause may be brought to

---

6. The 1947 litigation involving these parties.

this Court for review if any federal question be involved".[7]

These considerations which have led federal courts of equity to refuse to enjoin the collection of state taxes or to withhold the use of the declaratory judgment procedure, require a like restraint in a suit seeking the recovery of municipally collected taxes. Cf. Great Lakes Co. v. Huffman, supra, 319 U.S. at page 299, 63 S.Ct. 1070, 87 L.Ed. 1407. See also, Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002.

The jurisdiction of the federal courts cannot now be invoked merely because the litigation in the state courts on the assessment for the years 1940 to 1947 have been concluded without any determination of the question of discrimination. The plaintiff made no effectual effort to raise this issue in the state proceedings during these years. It did not question the adequacy of the state remedy during these years. It cannot litigate the issue now. As for the year 1948 the plaintiff has an adequate remedy since it has raised the question of discrimination in its petition of appeal on its assessment before the Division of Tax Appeals.

Therefore, I conclude that the defendants' motion for judgment on the pleadings should be granted and the complaint dismissed.

An order in conformity herewith should be settled.

---

7. This practice of the federal equity courts to deny relief from the collection of taxes by state authorities has been embodied in the Judicial Code, 28 U.S.C. § 1341.