**HACKENSACK WATER CO. v. TOWN-
SHIP OF NORTH BERGEN,
Hudson County.**

**No. 10754.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 16, 1952.

Decided Nov. 28, 1952.

Joseph Keane, Jersey City, N. J., (Milton, McNulty & Augelli, Jersey City, N. J., Samuel William Zerman, Weehawken, William Bannon, Jersey City, N. J., on the brief), for appellant.

Nicholas S. Schloeder, Union City, N. J., for appellee.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Plaintiff appeals from a judgment of the district court, 103 F.Supp. 133, which had dismissed its complaint on defendant's motion for summary judgment.

The complaint was filed August 31, 1949. It alleged that from the year 1940 through 1948 the water company's personal property in the defendant township had been assessed at its true valuation whereas the personal property of the great majority of other owners of personal property in the township was either not assessed at all or at 20% or less of true value. The action of the township and its defendant assessors was alleged to have been unjustly, arbitrarily and intentionally discriminatory against plaintiff in contravention of Section 1 of the Fourteenth Amendment. Plaintiff, claiming that by reason of the laws and decisions of the courts of the state of New Jersey it was without adequate remedy in the courts of that state, demanded that said assessments against it be reduced to such amount as the court deemed just, or to the level of other personal property taxpayers in the township, and that the defendants pay it the amount of the overcharges. The answer denied discrimination against the plaintiff. It set out that plaintiff could have ample remedy in the New Jersey state courts for the years 1947 and 1948. As to prior years, it alleged that the state court had given plaintiff all relief sought. It affirmatively pleaded that plaintiff was guilty of laches as to the years 1940–1946; that it was estopped by its actions with respect to the 1940–1945 assessments against it and that the assessments against the plaintiff for the years prior to 1947 were res judicata.

314

In its brief appellant specifically abandons its appeal in connection with the tax years 1940 through 1943.

█ Appellant on this appeal confines itself to the contention that it is unable to obtain redress against discriminatory assessments in the New Jersey courts. It says in its reply brief: "Plaintiff seeks a hearing on the merits. No such hearing was ever had. All hearings were on the question of true value of property." In effect appellant seeks in this court to evolve its action into one for a declaratory judgment that there is no relief in the New Jersey state tribunals against discriminatory taxation.

This dispute, so far as the record shows, originated with the personal property assessment by the township against appellant for the year 1940. That assessment was litigated through New Jersey's then highest court on the question of the true valuation of the property involved. The Supreme Court fixed the value of $940,000 and that amount was affirmed by the Court of Errors & Appeals.[1] The assessments for 1941, 1942 and 1943 were contested by the water company on the same ground before what was at that time designated as the State Board of Tax Appeals. These were reduced to the 1940 figure and paid by the company. The 1944, 1945 and 1946 assessments were also appealed by the company as higher than warranted by the actual value of the property. The 1945 valuation was finally fixed at $940,000 and paid by the company. Greater valuation figures were eventually upheld for the 1944 and 1946 assessments. The company paid taxes for those years on a valuation of $940,000 and withheld the balance.

In 1947 the company again appealed its assessment on the question of true valuation. After this had been affirmed by the County Board the company went to the Division of Tax Appeals which by that time, under the new state constitution for New Jersey, had replaced the old State Board of Tax Appeals. The only reason advanced by the company in its petition for appeal was that the assessment was greater than the real valuation of the property. Sixteen months after the time for appeal had expired[2] the company attempted to amend its petition on appeal by alleging that the assessment against it was discriminatory. That was the first instance throughout this protracted litigation where such ground was urged. The request to amend was denied. The action of the Tax Division was upheld on appeal to the Superior Court solely because the proposed amendment stated a new cause of action which must be pleaded within the time allowed for appeal.[3] The court pointed out in its opinion that "By the original petition of appeal, appellant prayed to have its assessment reduced to true value, while by the amendment, it sought to have its assessment lowered to a small fraction of true value." There was no attempt to carry the matter further. Appellant thereafter paid the tax on $940,000 of the $1,225,000 assessment and retained the balance.

The township fixed the company's 1948 assessment at $1,225,000. The company appealed to the County Board and before that body for the first time it actually produced testimony on discrimination. The testimony was not objected to by the township and was received. The Board confirmed the assessment and the company appealed to the Division of Tax Appeals.

1. Hackensack Water Co. v. State Board, 1943, 129 N.J.L. 535, 30 A.2d 400, affirmed, Hackensack Water Co. v. North Bergen Tp., 1943, 130 N.J.L. 483, 33 A.2d 821.

2. " * * * the judgment of the county board was rendered November 13, 1947, and time to appeal to the Tax Division expired one month thereafter. P.L.1946, c. 161, § 8; R.S. 54:2-39, N.J.S.A. The motion for leave to amend was not made until long afterward, June 20, 1949."

Hackensack Water Co. v. Tp. of North Bergen, 8 N.J.Super. 139, 142, 73 A.2d 597, 599.

3. "It is a principle of wide application that an amendment setting up a new cause of action should not be permitted after the time has expired for bringing the suit or other proceeding. Russo v. Wright Aeronautical Corp., 1949, 1 N.J. 417, 64 A.2d 71." Hackensack Water Co. v. Tp. of North Bergen, supra, 8 N.J.Super. at page 142, 73 A.2d at page 599.

That appeal has not as yet been heard. In that appeal the company affirmatively asserts its claim of discrimination.

The above record fails factually to sustain appellant's argument that there is no relief in New Jersey against discriminatory taxation. It shows, as is conceded by appellant, that the question of alleged discriminatory rate was never raised until the abortive attempt to amend the 1947 assessment complaint before the Division of Tax Appeals. The situation was remedied with respect to the assessment for the following year when the company put the discriminatory issue squarely before the County Board. From the adverse decision of that tribunal appeal was taken to the Tax Division. There, the allegation of discrimination was presented in the first instance by setting it out at length in the petition of appeal and the Tax Division will eventually have that question before it when it hears the appeal. With the case tried de novo in the Tax Division [4] the company will be permitted to supplement its proofs below on that branch of its action. On appeal by either side the same question will be passed upon directly by the Superior Court. From its attitude before the County Board and the categorical statements in its brief and on its behalf at oral argument of this appeal, the township's position regarding the problem of discriminatory taxation is that it should be and will be considered in that case under the state decisional law. Appellant argues to the contrary.

In Royal Manufacturing Co. v. Board of Equalization, 1908, 76 N.J.L. 402, 70 A. 978, 979, affirmed 78 N.J.L. 337, 74 A. 525, the New Jersey Supreme Court did lay down the principle that " * * * the county boards are required to secure taxation of all property at its true value; * * * " and went on to say that where a property was assessed at its true value the fact that other property was not so taxed was no ground for reducing the true valuation assessment. On January 28, 1946, the United States Supreme Court in Hillsborough Township, Somerset County, N. J. v. Cromwell, 326 U.S. 620, 66 S.Ct. 445, 448, 90 L.Ed. 358, affirmed the judgment of this Court which in turn had affirmed the judgment of the United States District Court for the District of New Jersey in declaring null and void certain assessments on personal property entered for the years 1940 and 1941 by the Collector of Hillsborough Township, N. J. The opinion in that matter decided that under the Royal Manufacturing decision " * * * the state [New Jersey] remedy is not adequate to protect respondent's rights under the federal Constitution", and that even under the later New Jersey case of Central R. Co. v. State Tax Dept., 1933, 112 N.J.L. 5, 169 A. 489, which had been cited to the court by Hillsborough as permitting proof of discrimination before the Tax Board " * * * there was such uncertainty surrounding the adequacy of the state remedy as to justify the District Court in retaining jurisdiction of the cause." [5]

The point was not again before the state courts until 1949, when, in Jersey City v. Division of Tax Appeals, 5 N.J.Super. 375, 384–385, 69 A.2d 331, the court, in an opinion by Judge Bigelow, definitely acknowledged the Hillsborough doctrine and held that the opportunity to prove the fact of discriminatory assessments before one or the other of the tax boards was available to litigants. Following that decision came the above referred to appeal of Hackensack Water to the Superior Court with respect to the 1947 assessment against it. The opinion, filed May 31, 1950, was again by Judge Bigelow. In it he repeated at length the Hillsborough rule and concluded that portion of the opinion by saying, "In Jersey City v. Division of Tax Appeals, 5 N.J. Super. 375, 69 A.2d 331 (App.Div.1949), we

4. Hackensack Water Co. v. Township of North Bergen, 1943, 8 N.J.Super. 139, 73 A.2d 597.

5. Federal courts are not to entertain suits under the Declaratory Judgment Act " * * * for the sole purpose of obtaining a determination of the validity of a

state tax assessment where federal rights are fully protected by proceedings in the state courts." Cromwell v. Hillsborough Tp., 3 Cir., 1945, 149 F.2d 617, 618. And see Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407.

said that a taxpayer may raise the question of discrimination and have relief before the County tax board or the Division of Tax Appeals." As already pointed out, there was no appeal from this decision. Following it the company paid taxes on $940,000 of the assessment, withholding the balance. In Delaware L. & W. R. Co. v. Hoboken, 1951, 16 N.J.Super. 543, 85 A.2d 200, the identical query was before the state court for the third and last time to date since the Supreme Court Hillsborough opinion. Judge Bigelow once more wrote the court's opinion and said, 16 N.J.Super. at pages 554, 555, 85 A.2d at page 205:

> "A discrimination between taxpayers, so that one is assessed upon the full value of his property and others are assessed upon only a fraction of full value, violates the Fourteenth Amendment to the Federal Constitution. Mere errors in judgment do not support a claim of discrimination, for there must be something which in effect amounts to an intentional violation of the essential principle of practical uniformity. Where—as in New Jersey—most land is assessed by local authorities, but certain land is assessed by a body of state officials, then, if there is systematic undervaluation by the local authorities, while the state officials, though presumably aware of such local undervaluation, yet make their assessments upon full value, a case of unlawful discrimination is presented. It was formerly considered that the only remedy of the taxpayer who was the victim of the discrimination was a proceeding to increase the assessments of other taxpayers, but now we recognize that such a remedy is not enough and that he may rightfully demand that his own assessment be reduced to the common level. The constitutional mandate to assess at full value must yield to the even more fundamental requirement of relative equality."

Appellant asserts that as railroad property, which was the object of the assessment in the D. L. & W. suit, is taxed under a special statute the decision in that matter is inapplicable here. The objection is without merit. The above general governing rule laid down by the New Jersey Superior Court and followed in that state since the Hillsborough decision is not so restricted. It is also suggested that the Supreme Court of New Jersey refuses to conform to the Hillsborough mandate. City of Newark v. W. Milford Tp., Passaic County, 1952, 9 N.J. 295, 88 A.2d 211, is cited as authority for this statement but fails to support it. On the contrary, 9 N.J. at page 307, 88 A. at page 217, of that opinion, Mr. Justice Oliphant unmistakably indicates that in a proper situation discrimination may be shown. The court does say immediately thereafter that " * * * before discrimination could be established the true value of the lands of the City of Newark for the purpose of taxation would have to be established. * * * Without this there would be no basis for a charge of discrimination." There is nothing in that language which would in any way bar the desired evidence as is claimed by appellant. Cf. Riverview Gardens v. Borough of North Arlington, 1952, 9 N.J. 167, 172, 87 A.2d 425.

With the present pertinent state law clearly allowing a taxpayer to raise the question of unlawful discrimination, the situation which called forth the Hillsborough decision of 1946 no longer exists in New Jersey. Appellant, as we see it, needs only to press its 1948 assessment appeal in order to have that issue passed upon and determined by the state courts. Having that course open to it appellant cannot use the Hillsborough principle to justify its suit in the district court. Cf. Yakus v. United States, 1944, 321 U.S. 414, 434, 436, 64 S.Ct. 660, 88 L.Ed. 834.

Appellant in its reply brief states "Plaintiff is not seeking a tax refund," that it " * * * seeks an opportunity to prove discrimination" and that this is " * * * the only prayer before this court on this appeal." These statements are not quite accurate. Refund of taxes is a major prayer of the complaint and (with the exception of the first four years of those for which reimbursement is sought) has not been formally abandoned. We are therefore com-

pelled to examine into this phase of the appeal, at least briefly.

Of the years still in controversy, the 1948 assessment is pending before the New Jersey State Tax Division. The question of discrimination is specifically raised and will undoubtedly be decided in that case. We need not further concern ourselves with it here. The assessments for three of the remaining four years (1944 through 1946) were finally passed upon by the present New Jersey Supreme Court on April 25, 1949. Hackensack Water Co. v. Division of Tax Appeals, 2 N.J. 157, 65 A.2d 828. The 1947 assessment, as has been noted, was affirmed by the Superior Court decision of May 31, 1950, supra. The one issue in those suits was true value. That portion of the taxes which was paid has been distributed to the various governmental agencies entitled thereto. The part withheld by the company has presumably been allocated to the same agencies.

Appellant suggests no reason for its delay in bringing the federal action. The record is definite that no substantial reason exists. The commencement of such suit was entirely independent of the state court litigation over the 1944, 1945, 1946 and 1947 assessments. A practical solution might have been achieved if those state court claims had been concluded to the company's satisfaction, but founded as they all were entirely on true value their disposal was not a condition precedent to the company coming into the federal court.

The taxpayer's action in the Hillsborough litigation is of no help to the appellant. There, federal relief was promptly sought and promptly attained. Though the tax years complained of in Hillsborough (1940 and 1941) were the same as the first two years which appellant disputes, the decision of the United States Supreme Court affirming both the district court and this circuit and rendered January 28, 1946, was itself on the books three years and seven months prior to the filing of the present complaint. It was available to appellant at least six months before the 1947 assessment was even levied against it by the township.

 The above facts convincingly indicate that this action for refund is stale with respect to the balance of the years in dispute. The assessments for those years were finally determined on the single question ever properly before the state courts. It is too late for this taxpayer to now attempt to impeach their validity. Relying upon them commitments have been incurred and paid by township, county and state agencies concerned. The company must be considered to have waived whatever right it possessed to object on constitutional grounds. Cf. In re Conway, 3 Cir., 1941, 121 F.2d 972, 975. To permit the type of recovery sought by appellant under the circumstances here revealed would seriously and capriciously endanger the ordinary functioning of government agencies.

The judgment of the district court will be affirmed.