**Charlotte JONES et al., Plaintiffs,**

v.

**The TOWNSHIP OF NORTH BERGEN et al., Defendants.**

**Civ. A. No. 890–69.**

United States District Court,
D. New Jersey.

Sept. 30, 1971.

---

Clarick & Clarick, New Brunswick, N. J., for plaintiffs, by Donald S. Engel, New York City.

Sidney Turtz, West New York, N. J., for defendants Theodore Doll and Robert White.

Charles Landesman, Deputy Atty. Gen. for N. J., for defendants Hudson County Board of Taxation, John P. Botti, Carl A. Ruhlman, John F. Wilkins, John J. Barry, Gerard F. Brill, David Nicoll.

Darling & Jobes, Jersey City, N. J., for defendants Realty Appraisal Co. and Joseph Rubenstein, by Edward Heyd, Jersey City, N. J.

Nicholas S. Schloeder, Union City, N. J., for Township of North Bergen, Angelo J. Sarubbi, Joseph J. Jinaldi, Charles J. Steinel, Charles J. Weaver, George Burger, Louis E. Della Torre, Edward D. Grosso.

## OPINION

SHAW, District Judge.

Plaintiffs bring this action as a class action pursuant to Rule 23 F.R.Civ.P. on behalf of themselves and all others similarly situated in the Township of North Bergen, Hudson County, New Jersey. It is alleged that each of plaintiffs is a residential home owner in the Township of North Bergen and that local tax assessments upon their properties have been discriminatory, arbitrary, capricious and unlawful. They seek injunctive and other related relief which would bar the defendants from continuance of prevailing methods of assessment and from levy and collection of taxes assessed against individual properties of each of plaintiffs and of all other residential home owners who are part of the class which plaintiffs allege they represent. Subject matter jurisdiction is alleged to exist by virtue of 28 U.S.C. § 1331(a) (federal question) and 28 U.S. C. § 1343(3) (civil rights.) See also 42 U.S.C. § 1983.

The gist of plaintiffs' grievances in terms of alleged federal jurisdiction is that they are being deprived of property without due process of law contrary to the Fourteenth Amendment and in violation of the New Jersey State Constitution and further that the assessments and enforcement thereof deprive them of equal protection under the laws because of the discriminatory nature thereof. The detailed relief which plaintiffs seek is set forth in the Complaint as follows:

(a) That the defendants be enjoined from levying or collecting additional taxes from property owned by the plaintiffs and the class which they represent, until such time as new assessments are made and approved by this Court as correcting the injustices complained of herein.

(b) That the defendants, Angelo J. Sarubbi, Joseph J. Jialdini, Charles J. Steinel, Charles J. Weaver, George E. Burger and Robert White be directed to take all steps necessary to review all assessments of all property in the Township of North Bergen, and to readjust such assessments so as to remedy the injustices complained of herein.

(c) That defendants, Joseph Rubinstein, Realty Appraisal Co., Louis E. Della Torre, Edward D. Grosso, and Robert White account for and pay over to the Treasury of the Township of North Bergen, all funds received for assessment services.

(d) That the defendants be directed to refund to the plaintiffs and the class which they represent all real estate taxes paid by each of them in excess of their proper assessment as determined by the new tax assessments demanded herein.

(e) That defendants be required to pay to plaintiffs the cost of this action, including their attorneys' fees.

(f) That plaintiffs have such other and further relief as is just and proper.

There is a threshold question of subject matter jurisdiction. The federal statutory provisions above cited provide:

(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States. 28 U. S.C. § 1331.

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

    \*     \*     \*     \*     \*     \*

(3) To redress the deprivation under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States. \* \* \* 28 U.S.C. § 1343.

42 U.S.C. § 1983 must also be considered. It provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

    It is clear that the requisite amount in controversy for subject matter jurisdiction to be conferred by 28 U.S.C. § 1331(a) is not present. The complaint fails to allege any jurisdictional amount as to each individual property owner. It seems equally clear, considering the number of plaintiffs, that the aggregate claims are likely to exceed the jurisdictional amount of $10,000. This presents the question of whether these claims can be aggregated to meet the jurisdictional requirement. Despite the fact that this suit is brought as a class action, that circumstance does not, in and of itself, mandate aggregation of individual claims to satisfy the jurisdictional requirement. Although Rule 23 F.R.C.P. has been amended to eliminate the distinctions between true, hybrid, and spurious class actions, the Court must still look to the type of jural right that is being asserted. Aggregation is proper only if there is a joint or common interest or title in the subject matter of the suit; separate, independent, and distinct claims cannot be aggregated. Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). See also the earlier Supreme Court case of Russell v. Stansell, 105 U.S. 303, 26 L.Ed. 989 (1881), where a group of land owners sought to enjoin the assessment of a tax as illegal and unjust but where no single plaintiff among the parties could have met the jurisdictional amount and there was no joint responsibility resting on them as a body. The Supreme Court held that the interest of each land owner was separate, thus preventing the plaintiffs from aggregating the interests of the class in order to meet the jurisdictional amount. Of course, being an 1881 decision, this left open the effect of Rule 23 which became effective on July 1, 1966. But any doubt arising as to the application of earlier case law to the aggregation of claims for the purpose of satisfying the jurisdictional amount in class actions

has been dispelled by *Snyder, supra,* (1969) where the Supreme Court stated:

> We have consistently interpreted the jurisdictional statute passed by Congress as not conferring jurisdiction where the required amount in controversy can be reached only by aggregating separate and distinct claims. The interpretation of that statute cannot be changed by a change in the Rules. Id., 394 U.S. at 338, 89 S.Ct. at 1057.
>
> \*  \*  \*  \*  \*  \*
>
> Congress has thus consistently amended the amount-in-controversy section and re-enacted the "matter-in-controversy" language without change of its jurisdictional effect against a background of judicial interpretation that has consistently interpreted that congressionally enacted phrase as not encompassing the aggregation of separate and distinct claims. Id. at 339, 89 S.Ct. at 1058.

See also Fuller v. Volk, 351 F.2d 323 at 327, 328 (3rd Cir. 1965).

■ Plaintiffs in the present action seek a complete review of all assessments alleging that the re-evaluation of their properties as conducted was discriminatory. The individual interests they seek to protect are liability for municipal property taxes alleged to have been improperly assessed. Such interests are separate and distinct as to each property owner and cannot be aggregated in an alleged class action to satisfy the requisite jurisdictional amount. It is obvious that each residential property must be assessed as a separate single entity and apart from any other residential property. The gravamen of the alleged grievances is over-assessment which, it seems, would vary in amount as to each individual property owner. There is joint or common interest or title of all plaintiffs in the subject matter of the suit; each has a separate and distinct claim of alleged over-assessment which, as indicated above, would necessarily vary according to the type and value of the residential property, and the comparison of residential assessment with true evaluation and assessment of commercial property.

■ It may well be that by forecast of accumulated amounts of tax resulting from excessive and unlawful assessments over a period of years, the requisite jurisdictional amount could be envisioned, but that method of calculating the amount in controversy to determine jurisdiction may not be used. See Schlosser v. Welsh, 5 F.Supp. 993, 996 (D.C.S.D.Cen.Div.1934).

It does appear from the allegations of the Eleventh Count of the complaint that plaintiffs are challenging 1968 assessments. This is corroborated by affidavits which were filed. Hence, even if jurisdiction could be considered in the light of accumulation of anticipated future monetary loss resulting from improper assessment of taxes, such an approach would be entirely untenable because it would rest upon the assumption that alleged wrongful acts done during 1968 would be perpetuated.

■ 42 U.S.C. § 1983 does not require a jurisdictional amount. Plaintiffs allege a denial of equal protection of the laws and a denial of due process. Accordingly, upon its face, the cause of action could be said to arise under the constitution and laws of the United States. This brings the Court to the question of whether or not 42 U.S.C. § 1983 was intended by Congress to apply to infringement of a property right. It has been held that civil rights jurisdiction applies whenever the right is one of personal liberty or injury arising out of unconstitutional deprivation of a personal right such as unlawful search and seizure, suppression of freedom of speech or assembly, or other unlawful interference with the exercise of personal rights secured by the Constitution of the United States. Municipal assessment of property results in a tax which becomes a lien upon the property. Other than its effect as a lien on the property, no personal liability or penalty is involved. In the State of New Jersey the enforce-

ment of the lien is accomplished solely by a foreclosure proceeding.

It does not appear from decisional law that infringement of a property right standing alone is sufficient to bring a claim within the purview of 42 U.S.C. § 1983. See Hague v. C. I. O., 307 U.S. 496, 530–532, 59 S.Ct. 954, 83 L.Ed. 1423 (1939) (Concurring opinion by Justice Stone). This reasoning seems to have been followed in subsequent cases. Bussie v. Long, D.C., 254 F.Supp. 797, aff'd. 383 F.2d 766 (5th Cir. 1967); Abernathy v. Carpenter, D.C., 208 F.Supp. 793, aff'd. 373 U.S. 241, 83 S.Ct. 1295, 10 L.Ed.2d 409 (1963).

There is authority for the contention that civil rights jurisdiction exists in some situations where ultimate monetary loss will be sustained, but it also appears in such cases that deprivation of the rights in question was not readily susceptible of monetary evaluation; for example, the right to seek employment; the right to pursue a particular trade; the exclusion of an individual from a class thus subjecting him to taxation. See Hague v. C. I. O., *supra,* and cases cited therein; Schlosser v. Welsh, *supra.* It seems that civil rights jurisdiction also exists in cases of alleged improper state classifications of welfare recipients although the ultimate benefit involved is monetary. See King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970).

Plaintiffs do not challenge their classification as taxpayers. Neither do they challenge the lawful right of municipal government to levy and collect taxes. The basic complaint is that the amount of tax levied in each individual case is excessive and unfair. It is the validity of the determination of the amount of tax that they must pay which is challenged. Nevertheless, it is arguable that systematic and intentional discriminatory assessments violate the due process and equal protection provisions of the United States Constitution. Erroneous

standards applied in good faith do not fall within that class.

The fine distinction drawn for purposes of equitable jurisdiction between a right that is and one that is not readily susceptible of pecuniary evaluation is not readily understandable in terms of the congressional intent underlying enactment of civil rights legislation. It may be that the mischief to be corrected, as Congress thought, was being perpetrated, or more likely to be perpetrated, against a class of citizens not generally affluent and that in this context personal individual rights were deemed to be of paramount importance. It is also arguable that Congress did not intend to confer broad equitable jurisdiction upon the district court where other adequate relief at law would be available. While the defendants do seek judgment for refund of real estate taxes paid by each of them in excess of a proper assessment, the primary prerequisite relief sought is equitable and the weight of authority is to the effect that the Court lacks jurisdiction to grant such relief in a case of this kind. See also 28 U.S.C. § 1341 which will be discussed later.

It does seem that the courts are moving away from the distinction between a right readily susceptible of monetary evaluation and one not so readily susceptible. The Supreme Court, for example, has recognized civil rights jurisdiction in the welfare area even in instances where the question was not one of improper classification but rather involved the requirement of due process in the determination of benefits. See Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). It may be that the right to welfare is something more than a right depending on property or monetary rights while a tax assessment question is directly related to property rights. As of this time, however, the weight of authority is to the effect that equitable jurisdiction in a federal court in a case of this kind does not exist pursuant to the provisions of 42 U.S.C. § 1983 or 28 U.S.C. § 1343(3). Hacken-

sack Water Co. v. North Bergen Township, 103 F.Supp. 133 (D.C.N.J.1952), aff'd 200 F.2d 313 (3rd Cir. 1952); Delaware, L & W Railroad Co. v. Kingsley, 189 F.Supp. 39 (D.C.N.J.1960).

■ Similar to the mandate of 28 U. S.C. § 2283 prohibiting federal courts from interference with state criminal prosecutions, Congress also enacted 28 U.S.C. § 1341 which provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

Uniform standards to be applied in the assessment of real property in the State of New Jersey have been fixed by law. N.J.S.A.Const. Art. 8, Sec. 1; N. J.R.S. 54:4–23. The law of the State also provides comprehensive administrative review of tax assessments. N.J.R.S. 54:3–21; N.J.R.S. 54:2–39; N.J.R.S. 54:2–35; N.J.R.S. 54:2–34; N.J.R.S. 54:1–41; N.J.R.S. 54:1–26; N.J.R.S. 54:1–27; N.J.R.S. 54:49–14; N.J.R.S. 54:49–18; N.J.R.S. 54:51–1. Also, a taxpayer aggrieved by an assessment may seek appellate review in the New Jersey Superior Court. N.J.R. 2:2–3(a). Moreover, the New Jersey Supreme Court has not hesitated in cases involving alleged discriminatory assessments to certify review and afford the taxpayer a speedy and conclusive disposition of the grievance. Gibraltar Corrugated Paper Co. v. Township of North Bergen, 20 N.J. 213, 119 A.2d 135 (1955); In re Appeals of Kents, 2124 Atlantic Avenue, 34 N.J. 21, 166 A.2d 763 (1961).

Accordingly, anyone feeling aggrieved with an assessment has an available chain of administrative remedies and resort to the New Jersey Superior Court, Appellate Division, and, on certiorari, to the New Jersey Supreme Court. The conclusion is that the State of New Jersey provides a plain, speedy and effi-

cient remedy for aggrieved taxpayers and, by reason thereof, observance of 28 U.S.C. § 1341 forbids intrusion of a federal court in this very sensitive local area.

The Supreme Court in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed.2d 669 (1971), dealt with the question of the propriety of injunctive relief by a federal court restraining State criminal prosecution. The Court made it clear in its decision in that case that basic principles of equity jurisprudence must be observed by a federal court before injunctive relief is granted. Here plaintiffs have an adequate remedy at law ·on administrative review before State agencies and State courts and since the remedies available under State law are adequate, there is no irreparable injury.

It does appear that some of the plaintiffs appealed to the County Board of Taxation. The record, however, fails to disclose that any further appeals, as allowed by New Jersey law, were taken. Insofar as any of the plaintiffs have failed to make timely application to the appropriate State tribunals, this Court should not serve as an alternate forum.

This case is another example of increasing prevalence of the mistaken notion that it is more advantageous to litigants to have their grievances litigated in a federal court under color of some provision of the United States Constitution or the Civil Rights Act. Ingenuity in framing allegations to bring litigation across the federal threshold and by-pass State courts has been energetically employed. The burden cast upon federal district courts by matters for which the State provides appropriate and competent tribunals is becoming tremendously heavy.

Defendants' motion to dismiss the complaint will be granted without prejudice and without costs and an appropriate order for entry of judgment will be submitted.