92 N.J. Super. 37 (1966)
222 A.2d 130
FRANK ZITO AND TANINA ZITO, TOWNSHIP OF SOUTH HACKENSACK IN THE COUNTY OF BERGEN, A MUNICIPAL CORPORATION OF NEW JERSEY, AND CHARLES S. PICARDI, LEONARD PERRELLI, SR., AND JOHN J. JANNUZZI, BOARD OF ASSESSORS OF THE TOWNSHIP OF SOUTH HACKENSACK, PLAINTIFFS-APPELLANTS,
v.
WILLIAM KINGSLEY, ACTING DIRECTOR OF THE DIVISION OF TAXATION, AND THE BERGEN COUNTY BOARD OF TAXATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 13, 1965.
Decided July 7, 1966.
*39 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. Ralph W. Chandless argued the cause for appellants (Messrs. Chandless, Weller & Kramer, attorneys).
Mr. Elias Abelson, Deputy Attorney General, argued the cause for respondents (Mr. Arthur J. Sills, attorney).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Plaintiffs brought an action in the Law Division to have chapters 140 and 141 of the Laws of 1964 declared unconstitutional and to require defendants to desist from enforcing them. Following answer and the filing of cross-motions for summary judgment, the Law Division judge denied plaintiffs' motion and dismissed the complaint. This appeal followed.
The statutes in question amend L. 1960, c. 51, whose constitutionality was upheld, generally, in Switz v. Kingsley, 37 N.J. 566 (1962). The constitutionality of L. 1964, c. 141, was unsuccessfully challenged in Thomas v. Kingsley, 85 N.J. Super. 357 (Law Div. 1964), affirmed 43 N.J. 524 *40 (1965). We note that the present action was instituted shortly after the filing of the complaint in Thomas, and decided a week after the Law Division's decision in that case.
It is unnecessary to review again the tax background which led to the enactment of chapter 51 and its amendments, or the specific provisions and application of that legislation. These are fully discussed in the cited decisions.
It should first be observed that any attack on chapter 140 of the Laws of 1964 appears to be somewhat belated. Chapter 140 is exactly the same as section 5 of chapter 51 of the Laws of 1960 (N.J.S.A. 54:4-2.29), the validity of which act, as we have said, was sustained in Switz. Plaintiffs' principal objection to chapter 140 appears to be that the "fair value" of tangible personal property used in business is "presumed to be the net book value thereof as shown by the books and records of the person assessed." They contend that this permits the person assessed to determine the value of such property without affording any review to others who might be affected, namely, the remaining taxpayers of the district. It is alleged that the act sets up an "insubstantial and illusory class" by arbitrarily, and in disregard of the constitutional mandate of equality, giving the privilege of self-assessment to owners of tangible personal property used in business, while denying that privilege to owners of other kinds of property.
This latter claim is easily met. Art. VIII, Sec. I, par. 1 of the 1947 State Constitution left in the Legislature a broad power to classify personal property for either exemption or preferential treatment, and such classification must be upheld if any set of facts can reasonably be conceived to support it. Switz v. Kingsley, above, 37 N.J., at pages 585, 586; Thomas v. Kingsley, above, 43 N.J., at page 530.
The so-called self-assessing feature of chapter 140 does not make the taxpayers' book entries conclusive. "Fair value" is still to be determined by the assessor, subject to uniform rules and regulations promulgated by the Director of the *41 Division of Taxation. Such rules and regulations have been keyed to the federal income tax returns of the taxpayer, and this approach is reflected by Regulation 16:12-2.140, promulgated by the Director and defining net book value with respect to tangible personal property used in business. But in any case, it is the assessor of the taxing district who has the final word as to valuation. N.J.S.A. 54:4-12.
As defendants note, the use of "net book value" makes possible a practical administration of our revenue laws. The use by both the state and federal taxing systems of this common base results not only in administrative convenience for both taxpayer and government, but would seem to insure honesty in accounting by having two levels of government concerned with the proper recordation of tax data. See N.J.S.A. 54:52-4, penalizing any person who willfully sets up, keeps or maintains any false or fraudulent books, records or accounts relating to any business or transaction subject to, affected by, or employed in the measurement or computation of any tax imposed by any law of this State.
In attacking the validity of chapter 141 of the Laws of 1964, plaintiffs first claim that section 3 (N.J.S.A. 54:4-11), dividing tangible personal property used in business into three classes, assessed at different levels, is unconstitutional. Their contention is that it sets up insubstantial and illusory classifications of property for either total or partial exemption. The matter is settled by what the Supreme Court said in the Switz and Thomas cases. The only part of chapter 141 not passed upon in Thomas is the provision now appearing in section 3(a) (N.J.S.A. 54:4-11(a)), which reduces to 65% of the common level the percentage level of the fair value for tax purposes of machinery, implements, equipment and all other personal property used in business, other than inventories, farm machinery, farm livestock, crops and produce. The rationale sustaining such partial exemption is that set out in the two cited cases.
Another ground advanced by plaintiffs in arguing that chapter 141 is unconstitutional is that "there is no quid pro *42 quo to justify a tax exemption to any of the three classes." The argument now advanced is not new; it was fully answered in Switz v. Kingsley, above, 37 N.J., at pages 584-585.
Plaintiffs next attack chapter 141 by contending that the statute lacks norms or standards to guide and control a local assessor in his determination of the three classes of business personal property set up in section 3 (N.J.S.A. 54:4-11). Specifically, the argument is that the Legislature failed to define what is embraced within the terms "raw material," "supplies," "small tools," "inventory," "machinery," "implements," or "equipment." These terms were all in chapter 51 of the Laws of 1960, and therefore fell within the ambit of the court's approval of that law in Switz. The problem which plaintiffs pose is one that may be found in any classification of objects which must be described in the language available to drafters of legislation. Plaintiffs quote at length from differing definitions found in two accountants' handbooks. Yet basically, the terms used in section 3 of chapter 141 have acquired a well-defined meaning for accountants. To ask for greater precision in the Legislature's use of language is to ask for perfection. If there is any degree of overlap in the descriptions of business personalty in section 3, the answer to the problem lies in the well-tested legislative device of vesting power in the Director to promulgate uniform rules and regulations found necessary to assure fair and equal assessments. The Legislature did so. Further, it is the right of any aggrieved taxpayer to appeal to the courts.
A similar argument addressed to the matter of definition is made regarding the language which appears in chapter 140 of the Laws of 1964 (N.J.S.A. 54:4-2.29), which, among other things, provides that "so long as depreciable property shall remain in use or be held for use its fair value shall be presumed to be not less than 20% of its original cost to the person assessed as shown by his said books and records, unless otherwise provided in said uniform rules and regulations *43 [promulgated by the Director of the Division of Taxation]." Plaintiffs claim there is no definition of "depreciable property" and "remain in use." The answer to this may be found in what we have just said about the claimed lack of definition in the terms found in chapter 141, section 3.
Plaintiffs' final point is that the Legislature cannot impose a tax "which is arbitrarily based on quasi-judicial computations in respect to which the right to review, correct or challenge has already expired." Their attack appears to be two-pronged. They complain of the use of the "common level" concept in chapter 141, determined by N.J.S.A. 54:1-35.1, contending that they are without remedy with regard to its computation. The "common level" is not a creature of chapter 141 but was a part of L. 1960, c. 51, § 8. Its use has been sustained. In re Appeals of Kents 2124 Atlantic Ave., Inc., 34 N.J. 21 (1961); Switz v. Kingsley, above.
The second aspect of the attack is upon section 2 of chapter 141 (N.J.S.A. 54:4-9a), setting out formulas for the determination of the "adjusted personalty tax rate" for the respective tax years 1965 and 1966. Specifically, plaintiffs object to the use in those formulas of the ratio of 1963 business personalty taxes to all 1963 property taxes in the district, real or personal, because they have no way of challenging the ratio at this late date. The fact remains that the Legislature can use any reasonable means to apportion the tax burden between business personalty and all other property, and that is all that has been done here. There is no allegation or proof by plaintiffs that the application of section 2 will result in unequal treatment of the owners of the same class of property so far as the burden of municipal government is concerned.
The "adjusted personalty tax rate" of section 2 was considered in another context in Thomas v. Kingsley, above, 43 N.J., at page 533, and found unobjectionable. As was there pointed out, chapter 141, as evidenced by the statement appearing on the original bill, was a "transitional device." The *44 transient character of section 2 of that act is even more evident, from its very wording. The purpose of the adjusted personalty tax rate was "to provide a buffer against public injury for a period of two years," during which time needed facts would be revealed, as was observed in Thomas (at page 531). This, said the court, additionally served to bring the statute within the broad powers which the Legislature may exercise over taxation without offending constitutional provisions.
The entire recent history of the personal property tax question points to the fact that the Legislature, through the medium of transitional laws, was attempting to gain time for the accumulation of sufficient data upon which to base a revised and integrated tax structure. The data has been obtained, various approaches considered, and the Legislature has acted. Chapters 133 to 138 of the Laws of 1966, signed into law by the Governor in recent weeks, now provide the tax structure which has been the legislative goal for at least the past six years. L. 1966, c. 138, § 12, effectively repeals the laws which are the subject of this appeal. Insofar as tangible business personalty is concerned, the new legislation will be effective with the tax year 1968.
We conclude that plaintiffs have not sustained their heavy burden of overcoming the presumption of constitutionality which attends chapters 140 and 141.
The judgment is affirmed.