LARIO, J.T.C.
This is a motion by defendant, Tewksbury Township, joined by defendant, Hunterdon County Board of Taxation, for the entry of summary judgment dismissing plaintiffs’ complaint on grounds that it was filed out of time; therefore, this court lacks jurisdiction to hear plaintiffs’ appeal.
The material facts essential to a disposition of the motion are not in dispute and are as follows:
*18 Plaintiffs are the owners of ten lots, the subject of this consolidated appeal, which were subdivided in 1982 from a large parcel which for the tax year 1982 and at least the two preceding years had been assessed as farmland pursuant to the Farmland Assessment Act of 1964, N.J.S.A. 54:4-23.1 et seq.
The tax assessor for Tewksbury, claiming that a change of use for the subject lots had occurred in 1982, filed ten separate applications with the Hunterdon County Board of Taxation, with notice to the owners, for the imposition of roll-back taxes for the tax year 1982 and for the two prior years. N.J.S.A. 54:4-23.8.
A hearing on the applications was held by the board on May 2, 1983 at which time plaintiffs were represented by an attorney. Upon conclusion of the hearing the board rendered ten separate judgments granting in each case the application for roll-back assessments. Copies of the board’s judgments were served by regular mail to plaintiffs on either May 2, 1983 (the date the judgment was entered) or on May 3, 1983 (the following day) in accordance with the board’s established practice.
Tax bills for these roll-back assessments were prepared on behalf of the township by a computer company who delivered them to the Hunterdon County Board of Taxation on October 19, 1983. Within a few days thereafter, the bills were picked up personally by the township’s tax collector who promptly mailed them to plaintiffs.
Listed on the back of all tax bills issued by the taxing district is “Information for Taxpayers” consisting of nine separate paragraphs giving various information concerning assessments and taxes; included is the following:
APPEALS: A taxpayer may file an appeal with the County Board of Taxation on or before August 15, 1983. Forms may be obtained from the County Tax Administrator, N.J.S.A. 54:3-21. Appeals for added and omitted assessments must be filed by December 1, 1983. N.J.S.A. 54:4-63.11.
On November 22, 1983 plaintiffs filed petitions of appeal for each lot with the Hunterdon County Board of Taxation. The county board dismissed the appeals on December 15, 1983 for lack of jurisdiction. On January 30, 1984 plaintiffs filed the *19 present appeal with this court. Thereupon, defendants filed this motion, alleging that pursuant to N.J.S.A. 54:4-63.23 and R. 8:4-l(a)(2), a complaint seeking review of a county board judgment assessing roll-back taxes must be taken within 45 days of service of the judgment and that these appeals were not filed until more than seven months thereafter.
In response thereto plaintiffs set forth that their original petitions of appeal in this matter were filed with the county board on November 22, 1983 after the receipt by them of their roll-back tax bills regarding the subject properties. Plaintiffs allege the information on the back of the tax bills advised that appeals for omitted assessments may be filed with the county board by December 1, 1983 and they complied by filing their appeal with this court on November 22, 1983 which was within 45 days of service upon them of the county board judgment; and, if it is determined they followed the incorrect appeal procedure, they further argue that since they acted in reliance upon the information printed on their property tax bills supplied to them by the taxing district, the doctrine of estoppel should be applied since the “interest of justice, morality and common fairness clearly dictate that course.”
In order to better appreciate the issues involved, a brief review of the circumstances leading to the Legislature’s enactment of the roll-back statute, N.J.S.A. 54:4-23.8, is beneficial. Assessment and collection of local real estate taxes is directed by N.J.S.A. 54:4-1 et seq. wherein it is mandated that all such property shall be assessed at the same standard of value. N.J.S.A. 54:4-2.25. By reason of the constitutional amendment adopted in 1963, N.J. Const. (1947) Art. VIII, § 1, par. 1, and as implemented by the Farmland Assessment Act of 1964, N.J.S. A. 54:4-23.1 et seq., qualifying farmland is assessed at a preferential value based on its agricultural and horticultural value, N.J.S.A. 54:4-23.2. The act was enacted for the purpose of countering the adverse impact of property taxation upon agriculture. Terhune v. Franklin Tp., 107 N.J.Super. 218, 258 A.2d 18 (App.Div.1969)
*20 In the event a change of use occurs whereby a property previously assessed as qualified farmland is no longer used for agricultural or horticultural purposes, the statute mandates that “roll-back taxes must be imposed for the year of the change of use and the two prior years immediately preceding.” N.J.S.A. 54:4-23.8. The roll-back taxes are calculated based on the difference between the ratable value of the property had it been assessed conventionally as other land in the taxing district under N.J.S.A. 54:4-23 (“full and fair value”) and the farmland assessment value placed as of each October 1 of the pretax years, N.J.S.A. 54:4-23.8. Therefore, roll-back taxes are a partial recapture of taxes which the taxing district would have originally received were it not for the beneficial reduction afforded by the adoption of The Farmland Assessment Act.
N.J.S.A. 54:4-23.9 also requires that the procedure to be utilized in imposing roll-back taxes must be in accordance with the “procedures provided for the assessment and taxation of omitted property under chapter 413 of the laws of 1947,” namely N.J.S.A. 54:4-63.12 et seq. The procedure provided thereunder is generally referred to as the “original” omitted method in order to distinguish it from the additional omitted assessment procedure, N.J.S.A. 54:4-63.31 et seq., which was recently enacted and is popularly known as the “alternate” method.
The procedures permitted for the imposition of omitted assessments under the two methods are different and clearly distinguishable in that the “alternate” provides for the omitted assessment to be placed on the omitted assessment tax list prior to any gwosz-judicial review by the county board; whereas the “original” provides for the placement after such a review. The Legislature, recognizing this distinction, established two different appeal procedures:
Under the “alternate” method, the municipal tax assessor, first, unilaterally assesses the omitted property by reflecting the assessable value thereof on the “omitted assessment list” which is annually submitted to the county board by October 1. *21 The county board reviews, revises and certifies the list by October 10 and submits a duplicate thereof to the assessor and to the tax collector. N.J.S.A. 54:4-63.32. The assessor is then required to cause a notice to be sent to the owner stating an omitted assessment has been made, N.J.S.A. 54:4-63.35, and the collector is required to prepare and mail the tax bills to the owner by November 1. N.J.S.A. 54:4-63.36. Appeals challenging omitted assessments under this “alternate” method may be filed with the county board on or before December 1 of the tax year and the county board must decide such appeals by January 1 following; and, its judgments rendered on these appeals are further appealable to the Tax Court within 45 days of service thereof. N.J.S.A. 54:4-63.39; R. 8:4-l(a)(2).
Under the “original” omitted assessment procedure, the municipal assessor does not initially levy the omitted assessment; instead, it is imposed only after a written complaint listing the alleged omitted assessment has been filed with the county board and a copy served upon the taxpayer, a summary hearing held and a judgment entered by the county board pursuant to N.J.S.A. 54:4-63.13 and -63.14. Since, under this procedure, the county board has already adjudicated the omitted assessment as reflected in its judgment, it would have been duplicative and superfluous for the Legislature to have provided for a second appeal to the county board under this method. Instead, a review of the county board’s action is permitted by N.J.S.A. 54:4-63.23 which provides that a judgment entered by a county board under the “original” omitted assessment law is appealable by filing a complaint with the Tax Court in accordance with the State Tax Uniform Procedure Law, N.J.S.A. 54:48-1 et seq. The latter requires that a “complaint seeking review of adjudication or judgment of the county board of taxation shall be filed within 45 days of the service of the judgment.” N.J.S.A. 54:51A-9(a). The 45-day period for appealing county board judgments is also reflected in R. 8:4-l(a)(2).
Thus, the Legislature has directed that when a farmland roll-back assessment is sought, the procedure to be utilized is *22 prescribed by the assessment and taxation of omitted property under the “original” method. Both the “original” method, which mandates the appeal procedure outlined in the State Tax Uniform Procedure Law, and the applicable court rule require that a farmland assessment roll-back judgment entered by the county board must be appealed to the Tax Court within 45 days of service of the judgment. Plaintiffs’ complaint to the Tax Court to review the judgments entered by the county board in this matter was not filed until more than eight months after service of the county board’s judgments. As recently expressed by Justice Handler, speaking for our Supreme Court:
Strict adherence to statutory time limitations is essential in tax matters, borne of the exigencies of taxation and the administration of local government, [citation omitted] This view has long been recognized by New Jersey courts and it has a solid policy basis. [F.M.C. Stores v. Borough of Morris Plains, 100 N.J. 418, 424-425, 495 A. 2d 1313 (1985); citation omitted]
Therefore, defendant’s motion to enter summary judgment dismissing the complaint must be granted unless plaintiffs’ request for the imposition of equitable estoppel is granted.
It has been well established in New Jersey that the doctrines of estoppel are not applied against the State, its counties and its municipal corporations to the same extent as they are against individuals and private corporations. Bayonne City v. Murphy & Perrett Co., 7 N.J. 298, 81 A.2d 485 (1951). Where the collection of taxes by a public body is involved its application is particularly inappropriate except in unusual circumstances. N.J. Turnpike Auth. v. Washington Tp., 137 N.J.Super. 543, 552, 350 A.2d 69 (App.Div.1975), aff’d o.b. 73 N.J. 180, 373 A.2d 652 (1977). No such finding can be supported by the facts herein. For “equitable estoppel” to be imposed it must appear that the party against whom estoppel is urged has made a representation of or concealed material facts inconsistent with his present claim, when he knew or should have known the facts to be otherwise, with the intent to influence the conduct of another, and that the party to whom the representation was made was ignorant of the facts, had no *23 convenient opportunity to ascertain them, and relied thereon in good faith and was thereby prejudiced.
In the instant case plaintiffs had a hearing before the county board resulting in roll-back assessment judgments which were served upon plaintiffs. Since the judgments were served by mail, they had 48 days[1] to file appeals therefrom. A person is chargeable with knowledge of the law. Gibraltar Factors Corp. v. Slopo, 41 N.J.Super. 381, 125 A.2d 309 (App.Div.1956), aff’d 23 N.J. 459, 129 A 2d 567 (1957). Plaintiffs did not file any appeal within 48 days. Their initial appeals, which were incorrectly filed with the county board, were filed more than six months after service thereof. There is nothing the taxing district did within the appeal period that in any way prevented the plaintiffs from appealing. There was absolutely no misrepresentation or concealment of any facts by defendant. If plaintiffs were ignorant of the time requirements for filing an appeal, in addition to researching the appeal procedure, they could have easily secured this information from the county board which readily and frequently renders this information.
The tax bills were not received by plaintiffs until more than two and one-half months after their time for appeal had expired; therefore, they could not have relied upon the information contained on the tax bills. Additionally, I find that the information contained on the bills is not untrue, erroneous or misrepresentative. The appeal information contained on the back of the tax bills refers to appeals from added assessments, N.J.S.A. 54:4-63.11, and appeals from omitted assessments imposed by virtue of the “alternate” method, N.J.S.A. 54:4-63.-31 et seq., both of which must be appealed to the county board on or before December 1 of the year of levy. Accordingly, application herein of the doctrine of equitable estoppel is inappropriate.
*24 Defendant’s motion for summary judgment dismissing plaintiffs’ complaint is granted.

 N.J.S.A. 54:51A-9(a) requires appeals to be taken within 45 days of service and when service is by mail appellant has three extra days. R. 1:3-3.