LARIO, J.T.C.
Presented to the court are motions for summary judgment filed by defendants against plaintiff and a subsequent motion filed by plaintiff to amend its complaint to add a second count.
Little Egg Harbor Township (Egg Harbor) originally filed a complaint pursuant to N.J.S.A. 54:51A-7, commonly referred to as the “correction of errors” statute, against American Telephone and Telegraph Company (AT & T) and Borough of Tuckerton (Tuckerton) demanding judgment: decreasing AT & T’s assessment in Tuckerton for the tax year 1985; increasing *317 AT & T’s assessment in Little Egg Harbor for the 1985 tax year, and ordering Tuckerton to make payment to plaintiff “for funds it should have received but for the within error together with interest and cost of suit.”
Defendants have filed separate motions for summary judgment, each alleging that it is entitled to a judgment dismissing the complaint with prejudice contending that plaintiff had failed to state a claim upon which relief could be granted under the correction of errors statute; Little Egg Harbor has failed to exhaust its administrative remedies and plaintiff’s time for appeal under N.J.S.A. 54:3-21 is time barred. Additionally, Tuckerton questions plaintiff’s standing to attack Tuckerton’s assessments against AT & T by way of a correction of errors complaint.
Plaintiff and AT & T submitted a “Statement of Facts” agreeing that all the material facts necessary to resolve this matter are undisputed and thus this matter should be resolved as a matter of law. Tuckerton denied plaintiff’s factual allegations contained in the statement relative to the net worth and the assessed value of AT & T’s personal property located within its borough for the tax year in question, however, for the purpose of its summary judgment motion it accepts plaintiff’s factual allegations. There being no genuine issue as to any material facts relative to the issues submitted, application for summary judgment is appropriate. R. 4:46-2. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 73-75, 110 A.2d 24 (1954). The following constitute the agreed material facts relative to the issues here involved.
Egg Harbor and Tuckerton are adjoining municipalities located in Ocean County. AT & T is the owner of personal property, taxable under N.J.S.A. 54:4-1, separately located within each of the above municipalities. N.J.S.A. 54:4-1, in pertinent part, subjects to taxation annually tangible personal property, exclusive of inventories, used in business of certain telephone companies which includes AT & T.
*318 As required by N.J.S.A. 54:4-2.48, on or before September 1, 1984, AT & T filed with each of the subject municipalities form PT-10, (a form prescribed by the Director, Division of Taxation, pursuant to the above statute), listing business personal property owned and used by the corporation in the respective municipality as of January 1,1984 subject to taxation for the tax year 1985. N.J.S.A. 54:4-2.46.
The return filed with plaintiff listed the original cost of AT & T’s taxable personal property located in Egg Harbor as $10,-076,450, claimed a depreciation reserve of $3,163,998, and indicated a net value of $6,912,452.
The return filed with Tuckerton listed the original cost of AT & T’s taxable personal property located in Tuckerton as $5,572,-837, claimed a depreciation of $1,697,836, and indicated a net value of $3,875,001.
AT & T received 1985 final tax bills from each of the taxing districts which tax bills were based on the net values reported on the respective 1985 PT-10 forms filed with each jurisdiction. The amount of tax due indicated by each tax bill was timely paid by AT & T.
On or about September 15, 1985 AT & T became aware that certain of its property referred to as TAT-7 equipment had been included in its personal property valuation reported on the 1985 PT-10 form for Tuckerton when in fact this TAT-7 equipment was installed in a central office building located between 3rd and 4th Avenues in the Bayview section of Little Egg Harbor Township, situated less than one-quarter mile from Tuckerton.
Both municipalities have the same postal zip code. When the TAT-7 equipment was installed in AT & T's Little Egg Harbor central office building an AT & T engineer assigned to it a geographical location code based on the postal zip code for this building; as a result the valuation of this TAT-7 equipment was included in the personal property valuation reported in AT & T’s 1985 tax year PT-10 form filed with Tuckerton.
*319 The tax assessor for Egg Harbor did not become aware that TAT-7 equipment had actually been located in Egg Harbor and not in Tuckerton until on or after September 15, 1985 which was after the August 15, 1985 deadline for filing 1985 tax appeals to the Ocean County Board of Taxation. This correction of errors appeal was filed with the Tax Court on April 3, 1986.
The written stipulated facts did not include the alleged original cost, depreciation claimed or net value of the TAT-7 equipment; however, at oral argument Egg Harbor alleged that the 1985 net taxable value of AT & T’s personal property in Egg Harbor was $9,943,058 instead of $6,912,452 and in Tuckerton it was $844,395 instead of $3,875,001. Tuckerton questions these valuation conclusions but, again, for the purpose of its summary judgment motion accepted them. Decisions on these motions for summary judgment were reserved. Shortly thereafter, but prior to rendering its decision, this court received from plaintiff an application to amend its complaint by adding a second count as follows:
SECOND COUNT
1. Plaintiff repeats all of the above allegations and includes them in this Count as more fully set forth above.
2. On December 4, 1986 Plaintiff made a Complaint before the Ocean County Board of Taxation for the assessment of omitted property.
3. This Complaint was heard by the Ocean County Board of Taxation on Thursday, December 18, 1986.
4. They issued a judgment, which dismissed the appeal because only two (2) commissioners heard the action and they were “split” on their decision.
5. The purpose of this supplemental pleading is to include the prayer for relief that the Court examine this action in light of N.J.S.A. 54:4-63.12, “Assessment of Omitted Property.”
6. WHEREFORE, Plaintiff demands judgment against Defendants assessing the omitted property in accordance with the provisions of N.J.S.A. 54:4-63.12 by allowing the tax assessor for the Township of Little Egg Harbor to add this property to its tax rolls.
Both defendants opposed this latter application. At the oral argument upon this application it was disclosed that on November 26, 1986 plaintiff forwarded to the Clerk of the Tax Court *320 for filing a complaint against these same defendants alleging a cause of action under the omitted property assessment statute, N.J.S.A. 54:4-63.12. Prior to its receipt, the clerk’s office received a telephone call from plaintiff’s attorney who, stating that the proposed filing was erroneous, requested the complaint not be filed but returned. The clerk complied with this request on December 3, 1986.
On or about December 4, 1986 plaintiff filed a complaint with the Ocean County Board of Taxation against these same defendants alleging a cause of action under the omitted property assessment statute. On December 18, 1986 the Ocean County Board of Taxation heard this complaint and entered judgment dismissing the complaint without prejudice. Notice thereof was mailed to all parties on December 22, 1986.
No appeal from the county board’s judgment dismissing plaintiff’s omitted property complaint was filed with the Clerk of the Tax Court. Instead, on February 25, 1987 plaintiff filed directly with this court within its correction of errors action, based upon R. 8:3-3, this proposed second count designated: “Supplemental Complaint Assessment of Omitted Property (C. 413, P.L. 1947 (N.J.S.A. 54:4-63.12 et seq.).” February 25, 1987 was more than 48 days after service of the county board’s judgment upon plaintiff. Plaintiff acknowledges that its application to supplement its original correction of errors Tax Court complaint is not an appeal from the county board’s judgment dismissing its omitted assessment complaint.
The initial issue to be determined is the propriety of plaintiff’s proposed amendment—to add a second count. This amendment was offered after the pretrial conference had been held and the date set for trial (on the original trial date, by consent, the statement of facts and the motions addressed for summary judgment to the original complaint were argued orally). R. 8:3-8(a) provides that after completion of the pretrial conference, or if there is no pretrial conference after receipt of the first date fixed for trial, “amendment of the pleadings may be made ... only for good cause shown.”
*321 Plaintiff alleges that the facts are not changed by the amended pleadings, the basic subject of the controversy remains the same, and because defendants will have to produce no new evidence or witnesses they are not prejudiced thereby; therefore, the motion should be allowed and the “Doctrine of Relation Back” applied.
Both defendants object claiming at this stage of the proceedings this court lacks jurisdiction to entertain the proposed amended complaint in that it is a separate cause of action; plaintiff has failed to exhaust its administrative remedies; and, that any further action in regard thereto by plaintiff is barred by statutory limitations.
The criteria for permitting amendments to complaints to the Tax Court has long been established as a strict standard. In Hackensack Water Co. v. N. Bergen Tp., 8 N.J.Super. 139, 73 A.2d 597 (App.Div.1950) it was held that although N.J.S.A. 54:2-40.2[1] allowed petitions of appeal to the Division of Tax Appeals, predecessor to this court, to be amended at any time at or before hearing as a matter of course:
[T]he amendments that may properly be made are not unrestricted. It is a principle of wide application that an amendment setting up a new cause of action should not be permitted after the time has expired for bringing the suit or other proceeding. Russo v. Wright Aeronautical Corp., 1 N.J. 417 [ 64 A.2d 71] (1949). [at 142, 73 A.2d 597]
“Cases since Hackensack Water have uniformly interpreted that holding as establishing (1) a rigid ‘rule that an amendment setting up a new cause of action should not be permitted after the time has expired for bringing the suit or other proceeding’ ____” Weyerhaeuser Co. v. Closter Boro., 190 N.J.Super. 528, 533, 464 A.2d 1156 (App.Div.1983) (citing Hackensack Water Co. v. N. Bergen Tp., supra).
Thus, the first issue to be determined is whether omitted assessment relief is a separate and distinct cause of action from *322 correction of errors relief; and if so, is it procedurally correct and filed within time.
Our Legislature has provided assessors with two separate procedures for the imposition of omitted assessments; namely, N.J.S.A. 54:4-63.12 et seq. generally referred to as the “original” omitted assessment procedure and N.J.S.A. 54:4-63.31 et seq. popularly known as the “alternate” method. See Gale Builders, Inc. v. Hunterdon Cty. Bd. of Tax. 8 N.J. Tax 16, 20-22 (Tax Ct.1985).
Under the original method the county board of taxation is vested with the power “[in] any year or in the next succeeding year, ... in accordance with the provisions of this act, [to] assess any taxable property omitted from the assessment for the particular year.” N.J.S.A. 54:4-63.12; emphasis supplied. The taxing district’s written complaint must be filed with the county board and five days notice of the hearing date and property omitted given to the owner. N.J.S.A. 54:4-63.13. The matter shall be heard by the county board in a summary manner, adjudicated and a copy of its judgment forwarded to the parties. N.J.S.A. 54:4-63.14. The county board’s judgment may be reviewed by the Tax Court provided notice of appeal is filed in accordance with the provisions of the State Tax Uniform Procedure Law, N.J.S.A. 54:48-1 et seq. N.J.S.A. 54:4-63.23.
Under the alternate method in any tax year or the next succeeding tax year the assessor “may in accordance with the provisions of this act assess any taxable property omitted____” N.J.S.A. 54:4-63.31; emphasis supplied. Under this method he is permitted to initially itemize the assessment on an assessor’s omitted property list and on October 1 of the year of the assessment file the list with the county board of taxation. N.J.S.A. 54:4-63.32. The county board is required to examine, review and correct the list and on or before October 10 in each year deliver a certified true record of the completed list and omitted taxes assessed, to the assessor and collector of taxes. Ibid. As soon as a certified copy of the completed list is received, the assessor is directed to cause a notice thereof to be *323 sent to the owner, N.J.S.A. 54:4-63.35, who may file an appeal therefrom to the county board on or before December 1 of the year of the levy. N.J.S.A. 54:4-63.39. Appeals from the county board’s judgment may be filed with the Tax Court within 45 days of the date fixed for final decision by the county board of taxation on appeals from an assessor’s omitted assessments. N.J.S.A. 54:4-63.39.
Correction of errors appeals are permitted pursuant to N.J.S. A. 54:51A-7 which requires the complaint to be filed directly with the Tax Court. It authorizes the Tax Court during the tax year or within the next three years thereafter to “enter judgment to correct typographical errors, errors in transposing, and mistakes in assessments____” Ibid.
Each of the above three statutes differ from each other markedly in the strict procedural and time limitation requirements. Omitted assessment appeals must first be initiated with the county boards of taxation, whereas, the correction of errors statute grants direct jurisdiction to the Tax Court thereby completely bypassing administrative review by the county boards. Tax laws are creatures of the Legislature and as such are to be strictly construed. Clairol, Inc. v. Kingsley, 109 N.J.Super. 22, 26, 262 A.2d 213 (App.Div.1970), aff’d o.b. 57 N.J. 199, 270 A.2d 702 (1970), app. dism. 402 U.S. 902, 91 S.Ct. 1377, 28 L.Ed.2d 643 (1971). Tax laws generally require that tax determinations be subject to review in a mandatory manner in strict conformity with statutory time limitations. FMC Stores Co. v. Morris Plains Boro, 100 N.J. 418, 495 A.2d 1313 (1985); Newark v. Fischer, 3 N.J. 488, 492, 493, 70 A.2d 733 (1950); Salem City v. Salem Cty. Bd. of Tax., 1 N.J.Tax 462 464 (Tax Ct.1980).
Both omitted assessments statutes expressly mandate that implementation must be “in accordance with the provisions of this act.” N.J.S.A. 54:4-63.12 and -63.31. The procedural prerequisites of each statute must be strictly complied with. An omitted assessment levied without first complying with the statutory procedure prescribed by either the original or alter *324 nate omitted assessment statute will be invalidated upon timely appeal to this court. Compare American Hydro Powers Partners v. Clifton, 9 N.J.Tax 259, 263 (Tax Ct.1987) in which an added assessment, levied without complying with the added assessment statutes, was declared invalid. By the promulgation of three separate statutes with different procedural requirements of time limitations for the imposition of omitted assessments and for correction of errors relief, it is clear that the Legislature created separate and distinct causes of action for each.
Since the proposed second count embodies a cause of action for omitted assessment relief, which is a separate and distinct cause of action from the correction of errors relief forming the basis of plaintiffs original complaint, and because this court does not have original jurisdiction to entertain a complaint under either omitted assessment statute, this court does not have jurisdiction to accept plaintiffs proposed second count.
The proposed second count was filed with this court as an appeal from the county board’s judgment dismissing plaintiff's omitted assessment appeal, and although a trial court is permitted to amend pleadings to conform to the evidence, R. 4:9-3, because time for appeal has expired an appeal from that judgment may not be “boot-strapped” to this court by way of the proposed amendment. Plaintiff’s application to file this second count to its original complaint is denied.
Next to be decided are the summary judgment motions to dismiss plaintiff’s correction of errors complaint. The first issue to be determined is Egg Harbor’s standing to (a) challenge by way of the correction of errors statute the 1985 business personal property assessment made by its adjoining municipality, Tuckerton, against AT & T; and (b) seek from Tuckerton a portion of the taxes Tuckerton collected under said assessment.
*325 Prior to its amendment in 1979 [2] N.J.S.A. 54:2-41 (repealed), the correction of errors statute contained several shortcomings including a lack of a time limit within which the application was required to be made, and relief could only be granted upon application of the property owner and then only with the formal consent of the municipality effected. Without this consent the property owner was without recourse regardless of the merits of his complaint. Additionally, neither the municipality nor the county board could initiate this proceeding; it could be accomplished only upon written complaint of the owner. In acknowledging the obvious inequity of denying relief to an admittedly deserving taxpayer who could not receive the affirmative consent of the municipality, this statute was amended in 1979, L. 1977 c. 114 § 8 with the express purpose[3] of eliminating this prerequisite; enlarging the class of persons entitled to apply; eliminating the time within which to apply; and to more specifically define the type of correction permitted. As amended this statute now provides in pertinent part:
The tax court may, upon the filing of a complaint at any time during the tax year or within the next 3 tax years thereafter, by a property owner, a municipality or a county board of taxation, enter judgment to correct typographical errors, errors in transposing, and mistakes in tax assessment, ... The tax court shall not consider under this section any complaint relating to matters of valuation involving an assessor’s opinion or judgment. Any complaint so submitted shall contain a certification that a copy of the complaint and all exhibits thereto have been filed with the county board, and served upon the property owner or the municipality, or both, as may be appropriate in the case of each plaintiff____ [N.J.S.A. 54:51A-7; emphasis supplied]
As adopted this amendment grants the right of appeal not only to the “property owner” but also to “a municipality and a county board of taxation.”
More precisely, at issue in determining plaintiffs standing to maintain its complaint against Tuckerton is whether “municipality” as specified herein includes a municipality other than the *326 taxing district wherein the assessed property affected by the alleged error is located.
 There is no doubt that the municipality required to be served with notice is the municipality in which the erroneously assessed property is located. There is a presumption that the same word used twice in the same act has the same meaning. 2A Sutherland, Statutory Construction (4 ed. 1984), § 46.06 at 104. Where the words of a statute are clear and their meaning and application plain and unambiguous there is no room for judicial construction and courts cannot arbitrarily expand their scope. White v. State Bd. of Tax Appeals, 123 N.J.L. 350, 353, 8 A.2d 819 (Sup.Ct.1939).
Considering the history of this statute and the amendment’s intent, it is concluded that “municipality” as twice used in this statute refers solely to the taxing district in which the assessed property is located, and therefore, Little Egg Harbor has no standing to sustain a correction of errors complaint against Tuckerton to reduce Tuckerton’s assessment placed against an owner on the value of its business personal property located in Tuckerton. Additionally, in the event AT & T’s assessment in Tuckerton is reduced Egg Harbor can neither benefit directly by the reduction in taxes paid to Tuckerton, nor is there any statutory authority to transfer the tax refund to Egg Harbor; any refund due would be payable to AT & T. Tuckerton’s motion for summary judgment to dismiss Egg Harbor’s complaint against it is granted.
The final issue remaining for determination is whether the alleged erroneous 1985 tax assessment imposed by Egg Harbor on the business personal property of AT & T is the type of error that can be corrected under the correction of errors statute, which permits entry of judgment “to correct typographical errors, errors in transposing, and mistakes in tax assessments” but directs that, “[the] tax court shall not consider under this section any complaint relating to matters of valuation involving an assessor’s opinion or judgment.” N.J.S. A. 54:51A-7.
*327 AT & T, as required by N.J.S.A. 54:4-2.48, filed form PT-10 with Little Egg Harbor’s assessor setting forth its 1985 business personal property’s alleged original costs, claimed depreciation and resulting net value. Upon receipt of this information the assessor presumably accepted the calculations contained therein and based thereon concluded an assessed valuation which he levied against AT & T. Plaintiff now contends that the calculations submitted by AT & T were erroneous and seeks relief under the correction of errors statute.
Admittedly, the alleged error is neither a typographical error nor an error in transposing; therefore, to be decided is whether it’s a “mistake” as contemplated in this statute. The interpretation of this language was fully discussed by Judge Andrew of this Court in H.G.K.W. Corp. v. East Brunswick Tp., 8 N.J.Tax 454 (Tax Ct.1986) wherein he added:
The language in the statute itself suggests limiting the phrase “mistakes in tax assessments” to errors similar to typographical errors and in transposing, i.e., clerical or administrative mistakes or errors. If the phrase “mistakes in tax assessments” was intended to encompass all types of mistakes then it would have been totally unnecessary for the Legislature to have specified two particular types of mistakes as it did with typographical and transpositional errors because these would be included in the all encompassing phrase “mistakes in tax assessments.” The statement of these errors in the statute would be mere surplusage unless the Legislature intended to demonstrate those types of errors that this court could correct, [at 460-461]
In Red Bank Borough v. N.J. Bell Telephone Co., 8 N.J.Tax 152 (Tax Ct.1986) this court distinguished between mathematical errors in computing the figures utilized by the tax assessor, which are correctable, and errors in the information and data relied upon by the assessor in concluding his evaluation. It was held that the latter was a matter of opinion which is not a mistake correctable under the statute. Id. at 158.
As a step in the assessing of personal property taxable to telephone companies under N.J.S.A. 54:4-1, the Legislature adopted N.J.S.A. 54:4-2.48 which directs:
On or before September 1, 1967, and on or before September 1 in each year thereafter, any person owning tangible personal property used in business subject to taxation on the preceding assessment date shall prepare and file with the assessor of the taxing district where the property is located a return of such taxable personal property in such form and containing such information relat *328 ing thereto as the Director of the Division of Taxation shall prescribe. The return shall list such property for taxation according to its true value as of the preceding assessment date, and a separate return shall be required for personal property situated in each taxing district. All such returns shall be verified by the owner or his authorized agent under the penalty of perjury. The assessors of the respective taxing district shall review and audit the returns and determine the taxable valuations of each taxpayer. On or before January 10 in each year, the respective assessors shall complete such review, audit and determination. The assessor of each taxing district shall include in his tax list and duplicate the taxable valuations of tangible personal property determined by him. [Emphasis supplied]
The form prescribed by the Director pursuant to the above statute is “Form PT-10.” This form does not require the listing or identification of any specific items of personal property. The form only requires the reporting of the various values (original cost, depreciation and net value) of taxable personal property as of January 1 of the pretax year.
In compliance with N.J.S.A. 54:4-2.48, AT & T filed with Egg Harbor’s assessor form PT-10 containing its opinion of the various values of its taxable personal property located in Egg Harbor. By the terms of this statute when plaintiff’s assessor received the form he was specifically required to review, audit and determine the taxable valuation of AT & T’s personal property.
The fact that N.J.S.A. 54:4-2.48 requires a taxpayer to self-report the value of its taxable personal property does not relieve the assessor from performing his statutory duty to independently value the property. A contention “that this permits the person assessed to determine the value of such property without affording any review to others who might be affected” was rejected by the late Judge Sidney Goldmann, then Presiding Judge of the Appellate Division, as follows:
The so-called self-assessing feature of Chapter 140 [a law similar to N.J.S.A. 54:4-2.48 requiring the reporting by a taxpayer of the value of its business personal property other than that used by certain telephone companies] does not make the taxpayer’s book entries conclusive. “Fair value” is still to be determined by the assessor, subject to uniform rules and regulations promulgated by the Director of the Division of Taxation. Such rules and regulations have been keyed to the federal income tax returns of the taxpayer, and this approach is reflected by Regulation 16:12-2.140, promulgated by the Director and defining net book value with respect to tangible personal property used in *329 business. But in any ease, it is the assessor of the taxing district who has the final word as to valuation. N.J.S.A. 54:4-12 (Assessor: duties: ascertain persons and property taxable). [Zito v. Kingsley, 92 N.J.Super. 37, 40-41, 222 A.2d 130 (App.Div.1966)]
Thus, it is clear that the determination of value lies within the sole province of the assessor. He had the statutory authority to review the data submitted by AT & T and the power to challenge it by examining and reviewing AT & T’s records and its property. This he evidentally failed to do.
In McElwee v. Ocean City, 7 N.J.Tax 355 (Tax Ct.1985), this court stated:
“Mistakes” in tax assessments as directed by the statute and “incorrect assessments” are not synonymous. Although the statute provides that relief be granted “to correct typographical errors, errors in transposing, and mistakes in tax assessments,” a mistake in tax assessment obviously refers to mistakes similar to the first two enumerated errors, i.e., errors mathematical or technical in nature committed by the assessor or someone within the agency, employment or control of the taxing district.
However, “an incorrect assessment” which is the result of incorrect data relied upon by an assessor in formulating his final opinion of value is not to be corrected under this statute; instead, it is remedial by way of a regular appeal timely filed with the county board under N.J.S.A. 54:3-21. Bressler, et al. v. Maplewood, 190 N.J.Super. 99, 461 A.2d 1218 (App.Div.1983); Flint v. Lawrence Tp., 6 N.J.Tax 97 (Tax Ct.1983). [at 362]
Here the alleged error that was supplied was a data error committed by an employee of the taxpayer and not by the assessor or someone within the agency, employment or control of the taxing district. The alleged error plaintiff seeks to correct is the erroneous valuation determined by the assessor. This constituted an opinion error, based upon incorrect data relied upon by the assessor, which is specifically the type of error excluded from consideration for relief under the correction of errors statute. I see no legal distinction between these facts and the situation where an assessor levies an assessment based upon the consideration set forth in a recorded deed transaction which consideration later is found to be grossly understated. In both cases the taxing district’s proper remedy to increase the assessment is the filing of a timely appeal pursuant to N.J.S.A. 54:3-21.
*330 Plaintiff’s additional claim that it did in fact exhaust its administrative remedy by reporting the error upon notice thereof to the county (which was after the filing deadline) and following their advice by instituting this action is without merit. Our Supreme Court has recognized that the right of appeal to the Tax Court is purely statutory and the appellant is required to comply with all applicable statutory requirements. General Trading Co. v. Taxation Div. Director, 83 N.J. 122, 127, 416 A.2d 37 (1980). Failure to file a timely appeal is a fatal jurisdictional defect. FMC Stores Co. v. Boro of Morris Plains, supra; Newark v. Fisher, supra. This court lacks the power to waive or relax statutory tax filing deadlines. Horrobin v. Taxation Div. Director, 172 N.J.Super. 173, 1 N.J.Tax 213, 411 A.2d 479 (Tax Ct.1979).
AT & T’s motion for summary judgment dismissing plaintiff’s complaint is granted.

Repealed by L. 1979, c. 114, § 15, effective July 1, 1979 and this portion was replaced by R. 8:3-8.

For a history of this amendment and its purpose see Manczak v. Dover Tp., 2 N.J. Tax 529, 532-533 (Tax Ct.1981).

See statement attached to Senate Bill 1103.