**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-0277-18T2
A-0278-18T2

BOROUGH OF RED BANK,

      Plaintiff-Appellant,

v.

RMC-MERIDIAN HEALTH,

      Defendant-Respondent.

_____

          Submitted February 27, 2019 – Decided March 14, 2019

          Before Judges Nugent and Mawla.

          On appeal from the Tax Court of New Jersey, Docket Nos. 0007-2016 and 0008-2016.

          DiFrancesco, Bateman, Kunzman, Davis, Lehrer & Flaum, PC, attorneys for appellant (Martin Allen, of counsel and on the brief; Kevin A. McDonald, on the briefs).

          McCarter & English, LLP, attorneys for respondent (Susan A. Feeney, of counsel and on the brief; Farhan Ali, on the brief).

PER CURIAM

In these consolidated tax appeals, the Borough of Red Bank challenges July 26, 2018 orders granting RMC-Meridian Health (Meridian) summary judgment dismissal of the Borough's complaints. Those complaints sought to impose a tax assessment against a hospital operated by Meridian for 2014 and 2015. Meridian had been exempt from taxation by the tax assessor pursuant to a payment in lieu of taxes agreement.

On appeal, the Borough raises the following arguments: 1) the Borough had independent authority to tax Meridian and was not bound by the tax assessor's ability to impose omitted assessments; 2) Meridian could be taxed since it was no longer operating the hospital as intended by the statute, entitling it to the tax exemption, because it had experienced a change in use, and the tax court erred by entering summary judgment without permitting the Borough discovery on the change in use; 3) the tax court ignored AHS Hosp. Corp. v. Morristown, 28 N.J. Tax 456 (Tax 2015), which permits taxation on omitted assessments; and 4) the tax court's error was a mistake of law and subject to our de novo review.

Having reviewed the Borough's arguments and considered the record, we affirm for the reasons expressed in the thorough and well-reasoned opinion of

2

Judge Mala Sundar in Borough of Red Bank v. RMC-Meridian Health, 30 N.J. Tax 551 (Tax 2018). We add the following comments.

"An appellate court accords a highly deferential standard of review to tax court decisions." N.J. Tpk. Auth. v. Twp. of Monroe, 30 N.J. Tax 313, 318 (App. Div. 2017) (citing Brown v. Borough of Glen Rock, 19 N.J. Tax 366, 375 (App. Div. 2001)). "[We] will not disturb a tax court's findings 'unless they are plainly arbitrary or there is a lack of substantial evidence to support them' because '[t]he judges presiding in the Tax Court have special expertise.'" Ibid. (quoting Glenpointe Assoc. v. Twp. of Teaneck, 241 N.J. Super. 37, 46 (App. Div. 1990)). "Although [we] defer[] to a tax court's valuation decisions, [we] will review de novo a tax court's legal decisions." Ibid. (citing Toll Bros. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)).

The Borough argues the judge misinterpreted N.J.S.A. 54:4-63.26 and "ignored the municipality's independent right to seek omitted assessments" upon the property owned by Meridian. The Borough claims the judge ignored N.J.S.A. 54:63.12 "as a basis for the review of [d]efendant's property tax exemption by the municipality." We disagree.

"Tax laws are creatures of the Legislature and as such are to be strictly construed." Little Egg Harbor Twp. v. Am. Tel. & Tel. Co., 9 N.J. Tax 314, 323

3

A-0277-18T2

(Tax 1987), aff'd o.b., 10 N.J. Tax 236 (App. Div. 1988). "Tax laws generally require that tax determinations be subject to review in a mandatory manner in strict conformity with statutory time limitations." Hovbilt, Inc. v. Twp. of Howell, 138 N.J. 598, 603 (1994) (quoting Egg Harbor, 9 N.J. Tax at 323).

Here, the Borough attempted to impose an omitted assessment for the 2014 and 2015 tax years, outside the procedural requirements of N.J.S.A. 54:3-21 and N.J.S.A. 54:4-63.26. The Borough assessor determined Meridian was exempt for the 2015 tax year based on the assessment made during the pretax year, 2014. N.J.S.A. 54:3-21 requires a party to appeal the assessment on or before April 1 of the tax year. The Borough filed its complaints after the April 1 statutory deadlines for 2014 and 2015, respectively. The Borough's only avenue of appeal was filing a timely complaint pursuant to N.J.S.A. 54:3-21, which it failed to do. Egg Harbor, 9 N.J. Tax at 329. Judge Sundar did not misinterpret the statutory requirements, which governed the Borough's right to appeal.

We also reject the Borough's argument the judge misinterpreted N.J.S.A. 54:4-63.26. The statute allows omitted assessments when the exemption status of real property "ceases by reason of a change in use or ownership of such property[.]" Ibid. However, in order to impose an omitted assessment, there

must be facts indicating a change in use or ownership of real property causing it to lose its exemption status. Boys' Club of Clifton, Inc. v. Jefferson Twp., 72 N.J. 389, 400 n.4 (1977) (citing N.J.S.A. 54:4-63.26).

The Borough adduced no evidence of a change in use of Meridian's property. The Borough argued it was owed discovery related to its "theory regarding 'change in use,'" however, it provided no explanation for either its theory or the discovery sought to corroborate the theory. Judge Sundar concluded, "[a]s [Meridian] correctly argues, the Borough is using the discovery process as a fishing expedition and as an attempt to find support for denial of an exemption." Borough of Red Bank, 30 N.J. Tax at 563.

We agree. The judge did not misinterpret N.J.S.A. 54:4-63.26 because there was no evidence suggesting there had been a change in use.

Finally, the Borough argues "the [t]ax [c]ourt's interpretation of N.J.S.A. 54:4-63.26 [is] against the overall statutory scheme" and its "interpretation of the legislation . . . is novel and against the myriad of existing case law." The Borough points to AHS and argues "the plaintiff in [AHS] filed a partial summary judgment motion that employed the same arguments as [Meridian does] here."

In AHS, a tax court assessed the appeals of two omitted assessments levied by a taxing district against a plaintiff which operated a hospital. 28 N.J. Tax at 471. The hospital timely challenged each of the omitted assessments. Ibid. The AHS court decided the hospital did "not meet the current criteria for property tax exemption under N.J.S.A. 54:4-3.6 and the applicable case law" based on "the court's findings that the [s]ubject [p]roperty is being used substantially for profit" pursuant to the evidence presented on appeal. Id. at 536.

AHS was not binding on Judge Sundar and is not binding on us. More importantly, its procedural posture and facts are distinguishable from this case. As we noted, in AHS, the omitted assessments already existed on the subject property and the court's decision regarded the property owner's timely direct appeal of those omitted assessments. Here, the Borough sought to impose an omitted assessment for the 2014 and 2015 tax years, not challenge an already omitted assessment.

For these reasons, we conclude Judge Sundar correctly granted summary judgment in favor of Meridian. To the extent we have not addressed the other arguments raised by the Borough, it is because they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0277-18T2